**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| DIRECTV, Inc., a California corporation, | Case No. 03-80341-CIV-MIDDLEBROOKS |
| Plaintiff, | |
| v. | |
| CRAIG BROW, et al., | |
| Defendants. | |

| | |
|---|---|
| DIRECTV, Inc., a California corporation, | Case No. 03-80400-CIV-MIDDLEBROOKS |
| Plaintiff, | |
| v. | |
| DAVID ROYE, JEFFREY ROTHSTEIN, LYLE ROMER, and MIKE PITTS, et al., | |
| Defendants. | |

## PLAINTIFF DIRECTV, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT, LYLE ROMER'S, MOTION TO DISMISS

### I.   INTRODUCTION

Defendant, LYLE ROMER (hereinafter "ROMER"), has moved for dismissal of Plaintiff DIRECTV's Complaint for failure to state a claim under Rules 12(b)(6).  The motion presents two (2) arguments.

First, ROMER argues that the Complaint should be dismissed for improper joinder.  Under the Rules and law discussed herein, joinder was proper and ROMER's motion should be denied.



1

Second, ROMER argues that Counts II and III of the Complaint should be dismissed because no private cause of action exists under 18 U.S.C. §§ 2511 and 2512. The following facts and law, however, establish that a private cause of action *does* exist under 18 U.S.C. §§ 2511 and 2512, and, therefore, Defendant's Motion to Dismiss should be denied.

## II.    CASE BACKGROUND

As alleged in its Complaint, DIRECTV is a direct satellite broadcast system delivering television and other programming to its subscribers. DIRECTV's satellite transmissions are encrypted (electronically scrambled) to prevent unauthorized and unpaid viewing of its programming. Its transmissions may be lawfully viewed only by its customers on subscription or pay-per-view basis.

To profit illegally from DIRECTV's broadcast system, various companies and individuals have engaged in the manufacture and sale of signal pirating devices designed to defeat DIRECTV's encryption security measures, allowing purchasers of these products to decrypt (unscramble) DIRECTV's signal and view broadcasts without paying the subscription or pay-per-view fees. The manufacture and sale of these devices and the purchase, possession and use of these devices violates federal law. See, the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605; and the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§ 2510-2521.

DIRECTV's pursuit of its civil remedies provided under federal law is focused at both the manufacturers of these signal pirating devices and their customers who purchase the devices. In most circumstances, an action is filed in federal court against companies or individuals discovered to be engaged in the business of selling signal pirating products.

2

Under a civil writ of seizure the property, inventory and sales records of the defendants are seized.   These records include customer records detailing the sale of devices, including the identities of the purchasers, products purchased, and shipping information. Action is then taken against the purchasers based in large part on these business records. The suit against ROMER arose out of just such a process.

### III.   STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6), the court must presume the truth of the factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *See, e.g., Ellen S. v. The Florida Board of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994).  Dismissal under 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  *See, e.g. Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a motion to dismiss for failure to state a claim should be granted only if it appears to a certainty that the plaintiff would be unable to recover under any set of circumstances that could be proved in support of the complaint.   *See, e.g., Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).  There is no requirement that the plaintiff "set out in detail the facts upon which he bases his claim."  *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit,* 113 S. Ct. 1160, 1163 (1993). General factual allegations are sufficient and the court "will presume the general allegations embrace those specific facts that are necessary to support the claim."  *Id.*

IV.   DISCUSSION

A.   *Joinder was proper.*

Federal Rule of Civil Procedure 20(a) permits the joinder of defendants in one action if: (1) the plaintiff asserts any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a). *E.g., Alexander v. Fulton County, Georgia,* 207 F.3d 1303, 1323 (11th Cir. 2000). In applying Rule 20, the Court is to be guided by the underlying purpose of joinder which is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *Swann v.* Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). As the Supreme Court has recognized, "[u]nder the [Federal] Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724 (1966).

Further, this Court, on May 21, 2003, entered a Consolidation Order consolidating this case into the *Brow* case. In light of the Court's express desire to keep these defendants in one, omnibus case, as set forth in its Consolidation Order, it seems strange for Defendant ROMER to seek severance. Nevertheless, Plaintiff DIRECTV will address the merits of the motion.

Plaintiff DIRECTV satisfies both prongs of the "Rule 20" test for permissive joinder. The first prong requires that Plaintiff's claims arise out of the same transaction, occurrence, or series of transactions or occurrences, which is met in this case. The factual backgrounds for the claims against each defendant are strikingly similar. Each defendant is alleged to have purchased similar illegal devices (unloopers) from the

4

same distribution center (Vector Technologies) in California during a five-week period. Complaint, ¶¶ 19-22. The purchases arise out of a series of transactions that have nearly identical factual backgrounds. Therefore, the facts of the present case satisfy the first prong of the permissive joinder test.

The second prong of the permissive joinder test, requiring common questions of law or fact, is also met. Each defendant has the exact same claims asserted against him. Each defendant is alleged to have purchased from the same distribution center similar devices, which Plaintiff contends are primarily designed for the purpose of facilitating the surreptitious interception of DIRECTV's satellite television programming. *Id.*

The common issues of law and fact raised for each defendant include but are not limited to: i) whether the devices purchased and possessed by each defendant have the primary design to facilitate the unauthorized interception of DIRECTV's programming and, therefore, whether defendants' possession of the devices violates 18 U.S.C. §2512(1)(b); and ii) whether the devices allegedly purchased and possessed by the defendants were used by the defendants to facilitate the unauthorized interception of DIRECTV's programming and, therefore, whether the defendants use of the devices violates 18 U.S.C. § 2511(1)(a). Because such common issues of law and fact exist for each defendant, prong two of the permissive joinder test is met in this case. *See Alexander,* 207 F.3d at 1324 (noting that the second prong of the permissive joinder test "does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties.").

5

In applying Rule 20 in a manner consistent with the promotion of trial convenience and prevention of multiple lawsuits, it is Plaintiff's contention that the defendants are properly joined. After all, such joinder in this case promotes the maximum effective relief for the parties with the minimum expenditure of judicial energy. *See, Gentry v.* Smith, 487 F.2 571, 579 (5th Cir. 1973).

Rule 42(b) of the Federal Rules of Civil Procedure authorizes the Court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," to separate the trial of actions originally brought together. The Rule requires that when the Court makes the determination of whether to order separate trials, the Court should balance considerations of convenience, economy, expedition, and prejudice. *Alexander,* 207 F.3d at 1325. The Court should only separate actions if the potential benefits of proceeding in a single action are outweighed by potential prejudice to a party or parties as a result of proceeding in a consolidated action.

As has been discussed *supra,* common issues of fact and law predominate the causes of action brought against the remaining defendants. As a result, Plaintiff's presentation of its case at trial against each respective defendant, including the presentation of Plaintiff's expert and factual testimony, will be substantially similar for each defendant. There is little question, then, that the "convenience, economy, expedition" elements way in favor of maintaining a single action in this case. The only issues that remain are whether the remaining defendants stand to be prejudiced by the Plaintiff's presentation of its claims against each defendant in one trial, and whether such potential prejudice outweighs the benefits of trying the claims together.

Finally, Rule 21 states that "misjoinder of parties is not ground for dismissal of an action." Fed. R. Civ. P. 21.  Rather the Rule allows the Court to determine the manner in which the parties are "rearranged," if at all.  While DIRECTV argues that there is no misjoinder in this matter for the reasons stated above, even if there is, the requested dismissal of the action is an improper remedy under the Rules.  Severance is the proper remedy.  Accordingly, assuming this Court would find that the defendants are improperly joined, severing Defendant ROMER from the instant action is the proper remedy—not dismissal of the action.

Should this Court determine that severance is proper, Plaintiff DIRECTV would respectfully request the Court to order severance in the matter set forth in the manner determined by the Honorable Judge Anne C. Conway, of the Middle District.  Specifically, DIRECTV respectfully requests the Court to direct the Clerk to open a separate case for the claims against each Defendant and to place copies of the documents applicable to each Defendant in his respective file; to advise the parties as to the new case numbers; and to order Plaintiff to pay the filing fees for the additional new cases within 30 days of entry of the Court's Order severing the Defendants.

For the foregoing reasons, DIRECTV has not improperly joined the defendants in the instant action and, accordingly, the motion to dismiss should be denied.

**B.**     *A private cause of action does exist under 18 U.S.C. §§ 2511 and 2512.*

Defendant contends that Counts II and III of the Complaint must be dismissed because DIRECTV cannot bring a civil cause of action under the Wiretap Act for defendant's possession of devices in violation of 18 U.S.C. §§ 2511 and 2512.

7

18 U.S.C. § 2520 provides, in relevant part, that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity . . . which engaged in that violation such relief as may be appropriate." The civil cause of action provided in § 2520 is not confined to violations of any particular provision of the Wiretap Act. On the contrary, the statute specifically refers to violations of "this chapter." Following a 1986 amendment to the Wiretap Act, courts have recognized that the sale of illegally modified satellite television descramblers is a violation of the chapter, specifically § 2520. *See United States v. McNutt*, 908 F.2d 561 (10th Cir. 1990).

The only question, therefore, is whether a Plaintiff may bring a civil action against a user or possessor of devices under 18 U.S.C. §§ 2511 and 2512, or whether such individuals can only be pursued criminally. The only two courts to have considered this specific question after the 1986 amendments to the Wiretap Act answered in the affirmative, denying defendants' Rule 12(b)(6) motions to dismiss. *Oceanic Cablevision, Inc. v. M.D. Elec.*, 771 F. Supp. 1019 (D. Neb. 1991) *and DIRECTV, INC. v. EQ STUFF, Inc.*, 207 F. Supp., 1077 (C.D. Cal. 2002). Prior to the 1986 amendments, the court in *Flowers v. Tandy Corp*, 773 F.2d 585, 588 (4th Cir. 1985) reached a different conclusion on the same question. Yet even the decision in *Flowers* supports the existence of a valid cause of action in this case.

Here, DIRECTV has alleged that the Defendant knowingly possessed a device, the design of which made it primarily useful for the purpose of the surreptitious interception of satellite communications. *See* Complaint ¶¶ 18, 23. DIRECTV has also alleged, however, that the defendant ***used*** this illegal devices to unlawful intercept

8

satellite communications. *See id.* The absence of similar allegations in *Flowers* was the cause of the dismissal. *See Flowers*, 773 F.2d at 589 ("the express language of § 2520 is therefore not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511"); *Ages Group*, 23 F. Supp. 2d at 1315 ("even if Defendant possessed equipment which it knew or reasonably should have known was designed primarily for surreptitious acquisition of communications under § 2512, *Ages* must also create a question of fact as to whether communications were intercepted, disclosed, or intentionally used."). Thus, even under the reasoning in *Flowers* and *Ages Group*, DIRECTV can state a cause of action against the defendant because DIRECTV has created a question of fact as to whether the devices possessed by the defendant were also used for the purpose of intercepting satellite communications.

In January of this year, the Honorable Mark W. Bennett, Chief Judge of the U.S. District Court in and for the Northern District of Iowa, denied an identical motion from a similar defendant in a similar case. *DIRECTV, INC. v. Calamanco, et al.*, Case No. C 02-4102-MWB (N.D. Iowa, Jan. 21, 2003) (Memorandum Opinion and Order regarding Defendant Manuel Calamanco's "Motion Under FRCVP 12"). A true and correct copy of Judge Bennett's learned and as yet unpublished Memorandum Opinion is attached to this Response as Exhibit "A." In denying the defendant's identical motion to dismiss, Judge Bennett, like the other courts discussed herein, found that "Count III of DIRECTV's Complaint asserts a private cause of action that is expressly authorized by statute, 18 U.S.C. § 2520(a), for violations of 18 U.S.C. § 2512(1)(b)." *See Calamanco* (Exhibit A hereto) at pg. 4.

District Courts in Florida deciding similar, if not identical, motions to dismiss in other DIRECTV cases throughout Florida, have routinely and repeatedly denied similar Motions to Dismiss, as follows:

1.    Order, *DIRECTV, Inc. v. James, et al.*, Case No. 8:02-cv-1346-T-26MAP (M.D. Fla., Aug. 28, 2002) (Lazarra, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

2.    Order Denying Defendant, Verlsteffen's Motion to Dismiss and Motion for Sanctions, *DIRECTV, Inc. v. Verlsteffen, et al.*, Case No. 02-61370-CIV-DIMITROULEAS (S.D. Fla., Feb. 4, 2003) (Dimitrouleas, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

3.    Order, *DIRECTV, Inc. v. Allan, II*, Case No. 5:02cv392-RH (N.D. Fla., Mar. 8, 2003) (Hinkle, J.).

4.    Order, *DIRECTV, Inc. v. Connon*, Case No. 8:03-cv-373-T-26MSS (M.D. Fla., Apr. 4, 2003) (Lazarra, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

5.    Order, *DIRECTV, Inc. v. Doyle*, Case No. 8:03-cv-336-T-26TGW (M.D. Fla., Apr. 4, 2003) (Lazarra, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

6.        Order Denying Defendant Garrido's Motion to Dismiss, *DIRECTV, Inc. v. Garcia, et al.*, Case No. 03-20452-CIV-LENARD (S.D. Fla., May 21, 2003) (Lenard, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

7.        Order Denying Defendant Gonzalez's Motion to Dismiss, *DIRECTV, Inc. v. Gonzalez, et al.*, Case No. 03-80376-CIV-HURLEY (S.D. Fla., May 25, 2003) (Hurley, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

8.        Order, *DIRECTV, Inc. v. Diaz, et al.*, Case No. 6:03-cv-232-Orl-31JGG (M.D. Fla., June 27, 2003) (Presnell, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

9.        Order, *DIRECTV, Inc. v. Gattone, et al.*, Case No. 3:03-cv-398-J-16HTS (M.D. Fla., June 27, 2003) (Moore, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

10.        Order, *DIRECTV, Inc. v. Banke, et al.*, Case No. 6:03-cv-479-Orl-31DAB (M.D. Fla., June 27, 2003) (Presnell, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

11.     Order, *DIRECTV, Inc. v. Gibson, et al.*, Case No. 3:03-cv-356-J-16TEM (M.D. Fla., June 27, 2003) (Moore, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

12.     Order, *DIRECTV, Inc. v. Kimple, et al.*, Case No. 6:03-cv-560-Orl-28KRS (M.D. Fla., July 1, 2003) (Antoon, J.) (denying Motion to Dismiss claiming that no private cause of action exists under 18 U.S.C. §§ 2511 and 2512).

True and correct copies of these Orders are attached hereto as Composite Exhibit "B."

Defendant erroneously cites the *Thacker* order in support of its argument. What Defendant does not tell this Court is that the Order entered in *Thacker* by Judge Antoon was entered based on the conclusion that DIRECTV's Complaint did not contain sufficient allegations to support a claim against Defendant Thacker under 18 U.S.C. § 2512. Here, DIRECTV's Complaint avoids the pleading deficiency illuminated by *Thacker*. Here, DIRECTV has alleged that the defendant **used** this illegal devices to unlawful intercept, and actually intercepted, satellite communications without authorization. *See* Complaint ¶¶ 18, 23, 36. *Thacker*, however, **does not** stand for the proposition that no civil cause of action exists under § 2512, as misrepresented by SIMILE. In addition, the *Thacker* Order has been reproduced on the internet and discussed in hacker chat rooms, and has been hailed as the great "torpedo" against DIRECTV's Complaint. *See, e.g.,* http://www.legal-rights.org. Despite these claims, however, the clear language *Thacker* does not state that no private cause of action exists

under § 2512. Defendant's reliance on *Thacker* is entirely misplaced and must be completely disregarded.

Further, Defendant's reliance on *DirecTV, Inc. v. Karpinsky*, Case No. 02-CV-73929 (S.D. Mich. June 17, 2003), also is misplaced. *Karpinsky* reached the Court on a Motion for Summary Judgment. As this matter is not yet past the pleading stage, *Karpinsky* is not instructive. Further, in *Karpinsky*, the Court determined that Defendant Karpinsky had adduced uncontroverted evidence tending to show that he was not a DIRECTV subscriber and, therefore, could not have pirated DIRECTV's signals. No such evidence has been presented by ROMER here. On a motion to dismiss, the Court must take the well-plead allegations of the Complaint as true, viewing them in the light most favorable to the Plaintiff. Motions to dismiss test the sufficiency of the pleading, not the weight of the evidence. Here, Plaintiff DIRECTV has properly alleged violation of 18 U.S.C. §§ 2511 and 2512.

Paragraph 23 of DIRECTV's Complaint states, in the last sentence, that "Defendant **used the Pirate Access Device(s) to intentionally intercept** . . . DIRECTV's electronic communications without authorization." Complaint, ¶ 23 (emphasis added). Paragraph 23 and the allegations set forth therein are incorporated by reference into Count II at Paragraph 32 and into Count III at Paragraph 36.

Because 18 U.S.C. § 2520 provides for a civil cause of action against any entity whose communications were intercepted by virtue of conduct that violates the Wiretap Act, and because DIRECTV has alleged that its communications were improperly intercepted by the devices possessed and used by the Defendant, Defendant's Rule 12(b)(6) motion to Dismiss Counts II and III should be denied. Further, as DIRECTV

13

has properly alleged actual use and interception, as stated herein, Defendant's Motion to Dismiss on this ground should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff DIRECTV respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss.

_____
James A. Boatman, Jr., Esquire
Florida Bar No. 0130184
STUMP, STOREY, CALLAHAN
& DIETRICH, P.A.
Post Office Box 3388
Orlando, Florida 32802
Vox:   (407) 425-2571
Fax:   (407) 650-2967
Attorneys for Plaintiff DIRECTV, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing has been furnished by Regular U.S. Mail on this 18 day of _____, 2003 to Jonathan Yellin, Esquire, counsel for Defendant ROMER, 1000 S. Andrews Ave., Fort Lauderdale, FL 33316.

_____
James A. Boatman, Jr., Esquire

**EXHIBIT "A"**

Memorandum Opinion and Order Regarding Defendant Manuel Calamanco's "Motion
Under FRCVP 12"

*DIRECTV, INC. v. Calamanco, et al.* Case No. C 02-4102-MWB
(N.D. Iowa, Jan. 21, 2003)



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

DIRECTV, INC., a California
corporation,

           Plaintiff,

vs.

MANUEL CALAMANCO, KEVIN
CONOLLY, BRIAN SCHWINT, DOUG
WALLER, and DARBY WESTPHAL,

           Defendants.

No. C 02-4102-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING DEFENDANT
MANUEL CALAMANCO'S
"MOTION UNDER FRCVP 12"**

---

      In this action, filed on October 31, 2002, plaintiff DIRECTV, a direct broadcast
satellite television system, asserts various causes of action against the defendants arising,
*inter alia*, from their alleged purchase by mail and possession and/or use of equipment
capable of receiving and decrypting DIRECTV's satellite broadcast signal without
permission from or payment to DIRECTV. On December 5, 2002, defendant Calamanco
filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure
seeking dismissal of Count III of DIRECTV's Complaint. Somewhat more specifically,
Calamanco asserts that there is no private right of action under 18 U.S.C. § 2512(1)(b),
a criminal statute the violation of which is the sole basis for Count III, and that Count III
is repetitious of the causes of action stated under other counts of DIRECTV's Complaint.
Calamanco contends that Count III thus fails to state a claim upon which relief can be
granted and should be dismissed—apparently pursuant to Rule 12(b)(6), although
Calamanco does not identify the authority for this portion of the relief he requests—or, in

the alternative, that Count III should be stricken as "repetitious" pursuant to Rule 12(f).■[1]
DIRECTV resisted Calamanco's motion on December 18, 2002. DIRECTV contends that
a private cause of action for violations of 18 U.S.C. § 2512(1)(b) is expressly authorized
by 18 U.S.C. § 2520, and that Count III otherwise properly pleads an alternative theory
for relief not pleaded in the other counts of DIRECTV's Complaint.

After realleging all prior paragraphs of DIRECTV's Complaint, Count III alleges
the following:

> 25.   Defendants have used Pirate Access Devices [as
> defined in ¶ 4 of the Complaint] to decrypt and view
> DIRECTV's satellite transmissions of television programming,
> with intent to avoid payment of the lawful charges therefor, by
> trick, artifice, deception, use of a device or decoder, and other
> fraudulent means, without authority from DIRECTV, in
> violation of 18 U.S.C. § 2512(1)(b).
>
> 26.   Defendants have possessed and used Pirate
> Access Devices that are designed in whole or in part to receive
> subscription television services offered for sale by DIRECTV,
> without authority of DIRECTV, in violation of 18 U.S.C.
> § 2512(1)(b). Defendants' intent in possessing such devices
> was to avoid payment to DIRECTV of the lawful charges for
> its programming.
>
> 27.   Defendants' violations have injured and will
> continue to injure DIRECTV by depriving DIRECTV of
> subscription and pay-per-view revenues and other valuable
> consideration, compromising DIRECTV's security and
> accounting systems, infringing DIRECTV's trade secrets and
> proprietary information, and interfering with DIRECTV's

---

[1] Although Calamanco's motion to dismiss is not accompanied by a brief as required
by N.D. IA. L.R. 7.1(d), the court finds that little purpose would be served, under the
circumstances presented here, in requiring Calamanco to refile the motion in proper form.
Defendant Calamanco is, however, cautioned that, in the future, compliance with the local
rules of this district will be *required*.

E  ·9  RECEIVED TIME  JAN. 30.  12:23PM

contractual and prospective business relations.

28.    Defendants knew or should have known that possessing Pirate Access Devices was and is illegal and prohibited. Unless restrained by this Court, Defendants will continue to violate 18 U.S.C. § 2512(1)(b), causing DIRECTV irreparable harm for which DIRECTV has no adequate remedy at law.

Complaint, Count III, ¶¶ 25-28. Thus, Count III is, as Calamanco contends, premised entirely on violations of a criminal statute, 18 U.S.C. § 2512(1)(b).

Section 2412 of Title 18 of the United States Code provides, in pertinent part, as follows:

**§ 2512. Manufacture, distribution, possession, and advertising of wire, oral, or electronic communication intercepting devices prohibited**

(1) Except as otherwise specifically provided in this chapter, any person who intentionally—
* * *
(b) manufactures, assembles, *possesses*, or sells any electronic, mechanical, or other device, knowing or *having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of* wire, oral, or *electronic communications*, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce. . . .

shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 2512(1)(b). The court finds that Count III alleges violations of this provision of the criminal code. The question is, is a private cause of action by an injured party authorized against persons who violate 18 U.S.C. § 2512(1)(b)?

3

The answer is, yes. The court finds that, as DIRECTV asserts, 18 U.S.C. § 2520 authorizes a private cause of action for violations of 18 U.S.C. § 2512, and other provisions of chapter 119 of Title 18 of the United States Code concerning "Wire and Electronic Communications Interception and Interception of Oral Communications," of which § 2512 is a part. In pertinent part, § 2520 provides as follows:

§ 2520. Recovery of civil damages authorized

> (a) In general.—Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

28 U.S.C. § 2520(a). Another subsection of § 2520 specifies that the "appropriate relief" in the civil action authorized by § 2520(a) includes "preliminary and other equitable or declaratory relief," "damages" as provided by the statute, "punitive damages in appropriate cases," and "attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2520(b). Other pertinent subsections of the statute specify the manner in which damages are to be computed, *see id.* § 2520(c); a "good faith reliance" defense, *see id.* at § 2520(d); and a two-year statute of limitations for the civil action. *See id.* at U.S.C. § 2520(e).

Thus, far from failing to state a claim upon which relief can be granted, Count III of DIRECTV's Complaint asserts a private cause of action that is expressly authorized by statute, 18 U.S.C. § 2520(a), for violations of 18 U.S.C. § 2512(1)(b).[2]  *Accord*

---

[2]Nothing in the record at this time suggests that defendant Calamanco could avail himself of the exception to the private cause of action authorized in 18 U.S.C. § 2520(a) (continued...)

4

*DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002); *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F. Supp. 1019, 1022-27 (D. Neb. 1991). Defendant Calamanco has not identified any "insuperable bar" to the claim in Count III of DIRECTV's Complaint, which would warrant dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) ("A [Rule 12(b)(6)] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.") (internal quotation marks and ellipses omitted); *accord Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997) (also considering whether there is an "insuperable bar to relief" on the claim). Thus, the first portion of Calamanco's "Motion Under FRCVP 12" will be denied.

Likewise without merit is Calamanco's contention that Count III of DIRECTV's Complaint should be stricken pursuant to Rule 12(f), on the ground that Count III is "repetitious" of causes of action stated elsewhere in the Complaint. Rule 12(f) provides as follows:

> **(f) Motion to Strike.** *Upon motion* made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, *the court may order stricken from any pleading* any insufficient defense or *any redundant*, immaterial, impertinent, or scandalous *matter*.

FED. R. CIV. P. 12(f) (emphasis added). In *Dethmers Manufacturing Company v.*

---

[2](...continued)

that is embodied in 18 U.S.C. § 2511(2)(a)(ii). *See* 18 U.S.C. § 2520(a) ("Except as provided in section 2511(2)(a)(ii). . . .").

5

*Automatic Equipment Manufacturing Company*, 23 F. Supp. 2d 974 (N.D. Iowa 1998), after a survey of precedents, this court concluded "that mere duplicative remedies do not necessarily make claims 'redundant' within the meaning of Rule 12(f), if the claims otherwise require proof of different elements; however, a claim that merely recasts the same elements under the guise of a different theory may be stricken as redundant pursuant to Rule 12(f)." *Dethmers*, 23 F. Supp. 2d at 1009. Calamanco has made no showing that Count III merely recasts the same elements as the other claims in DIRECTV's Complaint in the guise of a different theory. Instead, DIRECTV appears to have alleged in each Count distinct, albeit alternative, claims, whatever overlap there may be in available relief.

THEREFORE, defendant Manuel Calamanco's December 5, 2002, "Motion Under FRCVP 12" is denied in its entirety.

**IT IS SO ORDERED.**

**DATED** this 20th day of January, 2003.

Copies mailed to
to counsel of record or pro se parties
as shown on the docket sheet.

Deputy Clerk

MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

6

**<u>COMPOSITE EXHIBIT "B"</u>**

Orders Denying Defendants' Motions to Dismiss from Florida District Courts

FILED

02 AUG 28 PM 4: 50

.......... COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA. FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECTV, INC.,

      Plaintiff,

v.

MICHAEL JAMES, TRISTAN JULIAN,
JURGEN KUESTER, BRIAN MEGAR,
PAUL MONDELLO, STEVE MORAN,
MIKE MUSCARELLA, THOMAS SLEDD,
DEREK SMITH, ROBERT SMITH,
MICHAEL MONTONARO, MICHAEL
TARABOKIJA, PHILLIP GROVENSTEIN,
CONNIE BARRETT, and BARBARA
SPEARS,

      Defendants.

_____/

CASE NO: 8:02-cv-1346-T-26MAP

# O R D E R

Before the Court are the Motions to Dismiss filed by the Defendants Sledd and Julian

(Dkts. 10 & 12) and supporting Memoranda of Law (Dkts. 11 & 13).  After carefully considering

the Defendants' submissions, together with the well-pleaded allegations of the Plaintiff's

complaint (Dkt. 1), the Court concludes that the motions must be denied.[1]

As to Count I, the Plaintiff has more than adequately pleaded a cause of action under 47

U.S.C. § 605(a) by clearly and precisely alleging that the Defendants have received or assisted

---

[1]   Given this conclusion, the Court does not need a response from the Plaintiff.

/ 9

others in receiving, without authorization, the Plaintiff's satellite transmissions of television programming. Moreover, the Court, after viewing the allegations of the complaint in the light most favorable to the Plaintiff, does not find that it is self-defeating as contended by the Defendants to the extent that the face of the complaint demonstrates an "insuperable bar to relief" as to Count I.

As to Counts II and III, it is obvious from a fair reading of the complaint that the foundation for these counts is in actuality 18 U.S.C. § 2520(a), which creates a private cause of action in favor of "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter . . ." Again, after viewing the allegations of the complaint in the light most favorable to the Plaintiff, the Court concludes that these two counts state a cause of action under the statute because, contrary to the Defendants' contentions, the Plaintiff has in fact alleged that by use of the Pirate Access Devices, the Defendants "intentionally intercepted, . . . DIRECTV's satellite transmission of television programming," see paragraph 45, and that the Defendants knew or had reason to know that such devices rendered "them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions of television programming . . ." See paragraph 49. Of course, the Plaintiff will have to establish by competent proof that these Defendants, as well as the other Defendants, actually engaged in the claimed violations as alleged. See Peavy v. WFAA-TV, Inc., 221 F. 3d 158, 168-169 (5th Cir. 2000).

Accordingly, it is ordered and adjudged as follows:

1) The Motions to Dismiss (Dkts. 10 & 12) are denied.

2) The Defendants shall file their answers and defenses, if any, to the Plaintiff's complaint within 15 days of the date of the entry of this order.

**DONE AND ORDERED** at Tampa, Florida, on August 28, 2002.

RICHARD A. LAZZARA
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

FILED

02 AUG 28 PM 4:50

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DIRECTV, INC.,

     Plaintiff,

v.                                                                    CASE NO: 8:02-cv-1346-T-26MAP

MICHAEL JAMES, TRISTAN JULIAN,
JURGEN KUESTER, BRIAN MEGAR,
PAUL MONDELLO, STEVE MORAN,
MIKE MUSCARELLA, THOMAS SLEDD,
DEREK SMITH, ROBERT SMITH,
MICHAEL MONTONARO, MICHAEL
TARABOKIJA, PHILLIP GROVENSTEIN,
CONNIE BARRETT, and BARBARA
SPEARS,

     Defendants.
_____/

## O R D E R

     Before the Court are the Motions to Dismiss filed by the Defendants Sledd and Julian

(Dkts. 10 & 12) and supporting Memoranda of Law (Dkts. 11 & 13).  After carefully considering

the Defendants' submissions, together with the well-pleaded allegations of the Plaintiff's

complaint (Dkt. 1), the Court concludes that the motions must be denied.[1]

     As to Count I, the Plaintiff has more than adequately pleaded a cause of action under 47

U.S.C. § 605(a) by clearly and precisely alleging that the Defendants have received or assisted

_____

    [1]  Given this conclusion, the Court does not need a response from the Plaintiff.

/9

others in receiving, without authorization, the Plaintiff's satellite transmissions of television

programming.  Moreover, the Court, after viewing the allegations of the complaint in the light

most favorable to the Plaintiff, does not find that it is self-defeating as contended by the

Defendants to the extent that the face of the complaint demonstrates an "insuperable bar to relief"

as to Count I.

      As to Counts II and III, it is obvious from a fair reading of the complaint that the

foundation for these counts is in actuality 18 U.S.C. § 2520(a), which creates a private cause of

action in favor of "any person whose wire, oral, or electronic communication is intercepted,

disclosed, or intentionally used in violation of this chapter . . ."  Again, after viewing the

allegations of the complaint in the light most favorable to the Plaintiff, the Court concludes that

these two counts state a cause of action under the statute because, contrary to the Defendants'

contentions, the Plaintiff has in fact alleged that by use of the Pirate Access Devices, the

Defendants "intentionally intercepted, . . . DIRECTV's satellite transmission of television

programming," see paragraph 45, and that the Defendants knew or had reason to know that such

devices rendered "them primarily useful for the purpose of surreptitious interception of

DIRECTV's satellite transmissions of television programming . . ."  See paragraph 49.  Of

course, the Plaintiff will have to establish by competent proof that these Defendants, as well as

the other Defendants, actually engaged in the claimed violations as alleged.  See Peavy v.

WFAA-TV, Inc., 221 F. 3d 158, 168-169 (5th Cir. 2000).

      Accordingly, it is ordered and adjudged as follows:

      1) The Motions to Dismiss (Dkts. 10 & 12) are denied.

2) The Defendants shall file their answers and defenses, if any, to the Plaintiff's complaint within 15 days of the date of the entry of this order.

**DONE AND ORDERED** at Tampa, Florida, on **August** 28, 2002.

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

<u>COPIES FURNISHED TO</u>:
Counsel of Record

-3-

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

02 AUG 28 PM 4: 50

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

DIRECTV, INC.,

     Plaintiff,

v.                                    CASE NO: 8:02-cv-1346-T-26MAP

MICHAEL JAMES, TRISTAN JULIAN,
JURGEN KUESTER, BRIAN MEGAR,
PAUL MONDELLO, STEVE MORAN,
MIKE MUSCARELLA, THOMAS SLEDD,
DEREK SMITH, ROBERT SMITH,
MICHAEL MONTONARO, MICHAEL
TARABOKIJA, PHILLIP GROVENSTEIN,
CONNIE BARRETT, and BARBARA
SPEARS,

     Defendants.
_____/

## O R D E R

     Before the Court are the Motions to Dismiss filed by the Defendants Sledd and Julian

(Dkts. 10 & 12) and supporting Memoranda of Law (Dkts. 11 & 13). After carefully considering

the Defendants' submissions, together with the well-pleaded allegations of the Plaintiff's

complaint (Dkt. 1), the Court concludes that the motions must be denied.[1]

     As to Count I, the Plaintiff has more than adequately pleaded a cause of action under 47

U.S.C. § 605(a) by clearly and precisely alleging that the Defendants have received or assisted

_____

    [1] Given this conclusion, the Court does not need a response from the Plaintiff.

/9

others in receiving, without authorization, the Plaintiff's satellite transmissions of television programming. Moreover, the Court, after viewing the allegations of the complaint in the light most favorable to the Plaintiff, does not find that it is self-defeating as contended by the Defendants to the extent that the face of the complaint demonstrates an "insuperable bar to relief" as to Count I.

As to Counts II and III, it is obvious from a fair reading of the complaint that the foundation for these counts is in actuality 18 U.S.C. § 2520(a), which creates a private cause of action in favor of "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter . . ." Again, after viewing the allegations of the complaint in the light most favorable to the Plaintiff, the Court concludes that these two counts state a cause of action under the statute because, contrary to the Defendants' contentions, the Plaintiff has in fact alleged that by use of the Pirate Access Devices, the Defendants "intentionally intercepted, . . . DIRECTV's satellite transmission of television programming," see paragraph 45, and that the Defendants knew or had reason to know that such devices rendered "them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions of television programming . . ." See paragraph 49. Of course, the Plaintiff will have to establish by competent proof that these Defendants, as well as the other Defendants, actually engaged in the claimed violations as alleged. See Peavy v. WFAA-TV, Inc., 221 F. 3d 158, 168-169 (5th Cir. 2000).

Accordingly, it is ordered and adjudged as follows:

1) The Motions to Dismiss (Dkts. 10 & 12) are denied.

2) The Defendants shall file their answers and defenses, if any, to the Plaintiff's complaint within 15 days of the date of the entry of this order.

**DONE AND ORDERED** at Tampa, Florida, on August 28, 2002.

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

<u>COPIES FURNISHED TO</u>:
Counsel of Record

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DIRECTV, Inc., a California
corporation,

CASE NO. 02-61370-CIV-DIMITROULEAS

      Plaintiff,

v.

KORY VERLSTEFFEN
and
KENNETH COLLINS,

      Defendants.

_____/

FILED by _____ D.C.

FEB __ 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### ORDER DENYING DEFENDANT, VERLSTEFFEN'S MOTION TO DISMISS AND MOTION FOR SANCTIONS

THIS MATTER having come before the Court upon Defendant Kory Verlsteffen's November 25, 2003 Motion to Dismiss and for Sanctions [DE-11] and the Court having reviewed Plaintiff's November 27, 2002 Opposition [DE-16], and no reply having been filed, it is hereby

ORDERED AND ADJUDGED that the motion is Denied. The Court has granted a severance, and dual juries will be selected in this case. 18 U.S.C. § 2520 authorizes civil actions for violations of the chapter, except section 2511(2)(a)(ii). See also, Glazner v. Glazner, 2002 WL 31890981 at 4 (11th Cir. Dec. 31, 2002).

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of February, 2003.

WILLIAM P. DIMITROULEAS
United States District Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

DIRECTTV, INC.,

      Plaintiff,

v.                                 CASE NO.  5:02cv392-RH

EARL R. ALLAN, III,

      Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

Plaintiff sells digital satellite entertainment service.  It alleges that the defendant, an individual, purchased a pirate access device and has used it to intercept plaintiff's service.  Defendant has moved to dismiss, arguing in effect that plaintiff cannot prove its allegations.

Plaintiff has failed to respond to the motion as *required* by this court's rules. *See* Local Rule 7.1.  The time for filing a response has expired.  *Id.*  Under this court's rules, plaintiff's failure to respond would be sufficient grounds for granting

OFFICE OF THE CLERK
U.S. DISTRICT CT.
NORTH DIST. FLA.

03 MAR 10 AH 8: 33

FILED

Entered on docket 3-10-03 by ____
(Rules 58 & 79(a) FRCP or A2(d) (1) & 58 FRCRP)
Copies sent to: ____

the motion to dismiss by default.  That will not be done, but plaintiff should not again fail to respond to a motion.

A motion to dismiss for failure to state a claim should be granted only if it appears to a certainty that the plaintiff would be unable to recover under any set of facts that could be proved in support of the complaint.  *See, e.g., Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).  Under this standard, defendant's motion to dismiss is clearly unfounded.  It may or may not be true, as defendant alleges, that plaintiff will be unable to prove its case.  But whether plaintiff will be able to prove its allegations cannot be determined on a motion to dismiss.

Accordingly,

IT IS ORDERED:

Defendant's motion to dismiss (document 4) is DENIED.

SO ORDERED this _8th_ day of March, 2003.

Robert L. Hinkle
United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

03 APR -4 PM 2:25

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

DIRECTV, INC.,
a California corp.,

    Plaintiff,

v.                                CASE NO: 8:03-cv-373-T-26MSS

JAMES CONNON,

    Defendant.
_____/

## O R D E R

    Before the Court is the Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (Dkt. 6) and supporting Memorandum of Law (Dkt. 7). The Court has previously decided the issue raised in the motion to dismiss adversely to the Defendant in a strikingly similar but unrelated case. See copy of order attached. The Defendant's arguments have not persuaded the Court to deviate from this previous ruling. Accordingly, the Motion to Dismiss (Dkt. 6) is denied. The Defendant shall file his answers and defenses, if any, to the Plaintiff's complaint within 15 days of the date of the entry of this order.

    **DONE AND ORDERED** at Tampa, Florida, on April 4, 2003.

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel of Record



# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

FILED

03 APR -4 AH 11: 01

MIDDLE DISTRICT COURT
FLORIDA
TAMPA. FLORIDA

DIRECTV, INC.,
a California corp.,

    Plaintiff,

v.                          CASE NO: 8:03-cv-336-T-26TGW

DEBORAH DOYLE,

    Defendant.
_____/

## O R D E R

Before the Court is the Defendant's Motion to Dismiss Count III of Plaintiff's

Complaint (Dkt. 6) and supporting Memorandum of Law (Dkt. 7). The Court has

previously decided the issue raised in the motion to dismiss adversely to the Defendant in

a strikingly similar but unrelated case. <u>See</u> copy of order attached. The Defendant's

arguments have not persuaded the Court to deviate from this previous ruling.

Accordingly, the Motion to Dismiss (Dkt. 6) is denied. The Defendant shall file her

answers and defenses, if any, to the Plaintiff's complaint within 15 days of the date of the

entry of this order.

    **DONE AND ORDERED** at Tampa, Florida, on April 4, 2003.

RICHARD A. LAZZARA
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20452-CIV-LENARD/SIMONTON

DIRECTV, INC., a California
corporation,

Plaintiff,

vs.

CINDY GARCIA, JOSE GARRIDO,
HATHAN OLKEN, JUAN OTEY, and
KAUSHI PAREKH,

Defendants.



_____/

## ORDER DENYING DEFENDANT GARRIDO'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Jose Garrido's Motion to Dismiss,

filed April 1, 2003. (D.E. 10.) Plaintiff DIRECTV, INC. filed a Response on April 14,

2003. No reply has been filed. Having considered the Motion, the Response and the record,

the Court finds as follows.

**I.    Introduction**

The Complaint filed by Plaintiff DIRECTV, INC. on February 28, 2003 alleges that

Defendant Jose Garrido, on two separate occasions in August, 2000, purchased "pirate access

devices" to gain illegal access to Plaintiff's satellite television programming, and that such

devices were shipped through interstate commerce to Defendant's address in Miami, Florida.

Plaintiff alleges three causes of action against    Defendant Garrido: (1) unauthorized

reception of satellite signals, in violation of 47 U.S.C. § 605(a); (2) unauthorized interception

of electronic communications, in violation of 18 U.S.C. § 2511(1)(a); and (3) possession of pirate access devices, in violation of 18 U.S.C. § 2512(1)(b).

In response to the Complaint, Defendant Garrido filed the instant Motion to Dismiss on April 1, 2003.[1]

## II.   Parties' Arguments

Defendant Garrido argues that Counts II and III cannot arise under the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b), based on United States v. Herring, 933 F.2d 932 (11th Cir. 1991). In addition, Defendant Garrido contends that Count I fails to state a claim because Plaintiff merely alleges that Defendant purchased access devices and not that Defendant received or transmitted unauthorized satellite signals for his personal or commercial advantage or otherwise, and, therefore, 47 U.S.C. § 605(a) does not prohibit the exact actions of which Defendant has been accused, under United States v. Herring, 993 F.2d 932 (11th Cir. 1991).

In response, Plaintiff points out that United States v. Herring, 993 F.2d 932 (11th Cir. 1991), was vacated and reconsidered *en banc*, and that the appellate court ultimately affirmed the district court's order, in United States v. Herring, 993 F.2d 784 (11th Cir. 1993). In addition, Plaintiff maintains that a private cause of action exists under 18 U.S.C. § 2512, and

---

[1] Defendant Garrido did not file an accompanying memorandum of law, as required by Rule 7.1(A) of the Local Rules of the Southern District of Florida. Plaintiff has not objected on this ground, but Defendant Garrido is hereby warned that future failure to abide by the Local Rules will not be tolerated by this Court.

that the Complaint meets the pleading requirements of 47 U.S.C. § 605(a).

### III.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move for

dismissal of a claim that fails to state a claim upon which relief can be granted.  The Eleventh

Circuit has clearly articulated the standard of review for a Rule 12(b)(6) motion to dismiss:

> "The standard of review for a motion to dismiss is the same for the appellate
> court as it is for the trial court."  Stephens v. Dep't of Health & Human Servs.,
> 901 F.2d 1571, 1573 (11th Cir. 1990).  A motion to dismiss is only granted
> when the movant demonstrates "beyond doubt that the plaintiff can prove no
> set of facts in support of his claim which would entitle him to relief."  Conley
> v. Gibson, 355 U.S. 41, 45-46 (1957).

Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir.), cert. denied, 525 U.S.

1000 (1998).  "On a motion to dismiss, the facts stated in appellant's complaint and all

reasonable inferences therefrom are taken as true."  Stephens, 901 F.2d at 1573.

### IV.   Analysis

Initially, the Court notes that the only case cited by Defendant Garrido in support of

his Motion to Dismiss, United States v. Herring, 933 F.2d 932 (11th Cir. 1991), was vacated

by a majority of the Eleventh Circuit, United States v. Herring, 977 F.2d 1435 (11th Cir.

1992), and reconsidered en banc, United States v. Herring, 933 F.2d 784 (11th Cir. 1993).

The en banc court reached the opposite conclusion of the three-judge panel, and affirmed the

district court's conclusion that the defendant had violated the plain language of 18 U.S.C.

§ 2512(1)(b).  Defendant Garrido should not have cited the panel decision to this Court in

-3-

the first place, but when this error was pointed out by Plaintiff in its Response, Defendant

Garrido should have withdrawn his Motion to Dismiss.

### A.  Private Cause of Action Under 18 U.S.C. §§ 2511 & 2512

Under 18 U.S.C. § 2511(1)(a), a person who "intentionally intercepts, endeavors to

intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral,

or electronic communication" may be fined and/or imprisoned up to five years.  Under 18

U.S.C. § 2512(1)(b), any person who "manufactures, assembles, possesses, or sells any

electronic, mechanical, or other device . . ." may be fined and/or imprisoned up to five years.

In the instant case, Plaintiff claims a private right of action for the violation of sections

2511(1)(a) and 2512(1)(b) by virtue of 18 U.S.C. § 2520, which provides, in relevant part

that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or

intentionally used in violation of this chapter may in a civil action recover from the person

or entity which engaged in that violation."  18 U.S.C. § 2520.  The question presented is

whether 18 U.S.C. § 2520 provides a private cause of action for alleged violations of 18

U.S.C. §§ 2511(1)(a) & 2512(1)(b).

Two district courts have held that section 2520 provides a private cause of action for

alleged violations of section 2511 and 2512.  Directv, Inc. v. EQ Stuff, Inc., 207 F. Supp. 2d

1077, 1084 (C.D. Cal. 2002); Oceanic Cablevision, Inc. v. M.D. Elecs., 771 F. Supp. 1019,

1025-29 (D. Neb. 1991).  The Court finds the rationale of those cases persuasive, and

Defendant Garrido has presented no argument to the contrary. Based on the plain language of 18 U.S.C. § 2520, the Court concludes that Plaintiff may assert a private cause of action for violations of 18 U.S.C. §§ 2511 & 2512. Plaintiff has alleged not only that Defendant Garrido purchased illegally modified pirate access devices, but also that he used such devices. (Compl. ¶¶ 18, 20.) Therefore, the Court finds that Plaintiff has alleged sufficient facts to assert a private cause of action. Contrast Flowers v. Tandy Corp., 773 F.2d 585, 589 (4th Cir. 1985) ("[T]he express language of § 2520 is . . . not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511."); Ages Group, L.P. v. Raytheon Aircraft Co., 22 F. Supp. 2d 1310, 1315 (M.D. Ala. 1998) ("[E]ven if Defendant possessed equipment which it knew or reasonably should have known was designed primarily for surreptitious acquisition of communications under § 2512, [the plaintiff] must also create a question of fact as to whether communications were intercepted, disclosed, or intentionally used."). As Defendant Garrido has not provided any binding authority to the contrary, the Court finds that Plaintiff has stated a claim in Counts II and III.

**B.    Allegation of Receipt of Unauthorized Signal**

Defendant Garrido asserts that Count I should be dismissed because the Complaint merely alleges that he purchased access devices and not that he received or transmitted unauthorized satellite signals for his personal or commercial advantage or otherwise.

-5-

Plaintiff points out, to the contrary, that paragraph 29 of the Complaint alleges that all Defendants "have received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a)." (Compl. ¶ 29.) Based on this allegation and the Eleventh Circuit's vacatur of the Herring decision upon which Defendant Garrido relies, the Court finds no grounds for the dismissal of Count I.

Accordingly, it is

ORDERED AND ADJUDGED that Defendant Jose Garrido's Motion to Dismiss, filed April 1, 2003 (D.E. 10), is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 21 day of May, 2003.

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

Cc:   U.S. Magistrate Judge Andrea M. Simonton
      All counsel of record
      03-20452-CIV-LENARD/SIMONTON

-6-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80376-CIV-HURLEY

DIRECTV, INC.,

Plaintiff,

vs.

EDUARDO GONZALEZ, et al.,

Defendants.

_____/



FILED by _____ D.C.

JUN 2 5 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

ORDER DENYING DEFENDANT GONZALEZ'S MOTION TO DISMISS

THIS CAUSE is before the court upon the defendant Eduardo Gonzalez's motion to dismiss

count III [DE# 4] together with plaintiff's response in opposition thereto [DE# 12]. Having carefully

reviewed the motions, it is hereby

ORDERED and ADJUDGED:

1. The defendant Eduardo Gonzalez's motion to dismiss count III pursuant to Fed.R.Civ.P.

12(b)(6) [DE# 4] is DENIED. The court finds that 18 U.S.C. § 2520 authorizes a private cause of

action for violations of 18 U.S.C. § 2512. *See DIRECTV, Inc v. Verlsteffen*, No. 02-61370-CIV-

DIMITROULEAS (S.D. Fla. Feb. 4, 2003) (recognizing a private cause of action under 18 U.S.C.

§ 2512); *citing Glazner v. Glazner*, 330 F.3d 1298 (11th Cir. 2002), *vacated* and *reh'g en banc*

*granted 321* F.3d 1336 (11th Cir. Feb. 20, 2003).

DONE AND ORDERED in Chambers at West Palm Beach, Florida this __ day of

June, 2003.

Daniel T. K. Hurley
United States District Judge

Copies to:
Scott C. Roberts. Esq.
Stacey D. Mullins, Esq.
Kenneth Louis Minerley, Esq.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECTV, INC.,

      Plaintiff,

vs.                          CASE NO. 8:03-CIV-850-T-17-TGW

JAMES DRURY,

      Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss (Docket No. 3), Supporting Memorandum of Law (Docket No. 4), and Plaintiff's Response in Opposition (Docket No. 6).

### Background

Plaintiff filed suit against Defendant alleging three causes of action. Count I alleges the unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a). Count II alleges the unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1). Count III alleges the possession of illegal access devices in violation of 18 U.S.C. § 2512(1)(b). Defendant argues that Count III should be dismissed because 18 U.S.C. § 2512(1)(b) does not support a civil cause of action.

In deciding a motion to dismiss, all well-pled facts must be construed in the light most favorable to the plaintiff. Littell v. United States, 191 F. Supp. 2d 1338, 1339 (M.D. Fla. 2002). Therefore, the Court will assume for purposes of this motion the truth of the facts alleged in Plaintiff's Complaint. (Docket No. 1).

Plaintiff delivers television programming, by satellite, to subscribers throughout the United States. Plaintiff uses multiple security measures, including encrypted satellite signals and access cards, to ensure that only authorized subscribers may receive access to the programs. In response to Plaintiff's security measures, satellite bootleggers have



CASE NO. 8:03-CIV-850-T-17-TGW

developed devices that enable unauthorized users to view Plaintiff's programming
without paying for the service.

On May 25, 2001, Plaintiff, with the assistance of law enforcement, conducted a
raid at a mail-shipping facility used by several major sources of such devices. As a
result, Plaintiff obtained substantial sales records and receipts. The records indicated that
Defendant purchased two bootleg devices known as Intertek Blue Unloopers and had
those devices shipped to him. Plaintiff alleges that Defendant thereafter intentionally
used the devices to intercept Plaintiff's electronic communications without authorization.

<u>Standard of Review</u>

In ruling on a motion to dismiss, the court should not dismiss a complaint unless it
appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to
relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a
motion to dismiss, the court must take all material allegations of the complaint as true and
liberally construe those allegations in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S.
232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). When, on the basis of a dispositive issue of
law, no construction of the factual allegation will support the cause of action, dismissal of
the complaint is appropriate. <u>Executive 100, Inc. v. Martin County</u>, 922 F.2d 1536 (11th
Cir. 1991).

<u>Discussion</u>

Defendant argues that Count III of Plaintiff's Complaint is based solely on
18 U.S.C. § 2512, which is a criminal statute. Section 2512 provides, in pertinent part, as
follows:

> **§ 2512. Manufacture, distribution, possession, and advertising of
> wire, oral, or electronic communication intercepting devices
> prohibited**
>
> (1) Except as otherwise specifically provided in this chapter,
> any person who intentionally –
>
>    . . . .
>
>       (b) manufactures, assembles, possesses, or sells any
> electronic, mechanical, or other device, knowing or having
> reason to know that the design of such device renders it
> primarily useful for the purpose of the surreptitious

CASE NO. 8:03-CIV-850-T-17-TGW

> interception of wire, oral, or electronic communications,
> and that such device or any component thereof has been or
> will be sent through the mail or transported in interstate or
> foreign commerce; . . .
>
> shall be fined under this title or imprisoned not more than five years,
> or both.

18 U.S.C. § 2512(1)(b). Section 2512 clearly provides for only criminal liability. The

question for the Court is whether any other statute authorizes a private cause of action

against violators of 18 U.S.C. § 2512(1)(b).

     The answer evidently lies in 18 U.S.C. § 2520. Section 2520 provides, in

pertinent part, as follows:

> ### § 2520. Recovery of civil damages authorized
>
>     (a) In general. – Except as provided in section 2511(2)(a)(ii),
> any person whose wire, oral, or electronic communication is
> intercepted, disclosed, or intentionally used in <u>violation of this chapter</u>
> may in a civil action recover from the person or entity, other than the
> United States, <u>which engaged in that violation</u> such relief as may be
> appropriate.

18 U.S.C. § 2520(a) (emphasis added). Section 2520 applies to all violations within

Chapter 19 of Title 18 of the United States Code concerning "Wire and Electronic

Communications Interception and Interception of Oral Communications," which includes

18 U.S.C. § 2512. Therefore, instead of failing to state a claim upon which relief can be

granted, Count III of Plaintiff's Complaint simply asserts a private cause of action that 18

U.S.C. § 2520(a) expressly authorizes for violations of 18 U.S.C. § 2512(1)(b).

     Defendant cites several cases as holding otherwise, but the Court finds those cases

distinguishable. <u>Flowers v. Tandy Corp.</u>, 773 F.2d 585, 589 (4th Cir. 1985), held that

there was "no merit in [the] assertion that § 2520 expressly provides a private cause of

action for violations of the criminal proscriptions of § 2512." <u>Flowers</u> was decided,

however, under a previous version of 18 U.S.C. § 2520 that provided,

> Any person whose wire or oral communication is intercepted,
> disclosed, or used in violation of this chapter shall (1) have a
> civil cause of action <u>against any person who intercepts, discloses,
> or uses or procures any other person to intercept, disclose, or use
> such communications,</u> and (2) be entitled to recover from such

CASE NO. 8:03-CIV-850-T-17-TGW

person . . . .

18 U.S.C. § 2520 (amended by Pub L. 99-508, Title I, § 103, Oct. 21, 1986) (emphasis added).

The pre-1986 amendment version of 18 U.S.C. § 2520 interpreted by <u>Flowers</u> expressly limited those persons against whom a private action might lie to "any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications." <u>Flowers</u>, 773 F.2d at 588. The 1986 amendment eliminated such language, and the statute now defines the class of potential defendants as any person or entity "engaged in" a "violation of this chapter." 18 U.S.C. § 2520(a). As stated, 18 U.S.C. § 2512(1)(b) lies within the covered chapter and, therefore, 18 U.S.C. § 2520(a) currently authorizes the recovery of civil damages.

Furthermore, the <u>Flowers</u> court based its reasoning specifically on the statutory language within 18 U.S.C. § 2520(a) that limited the class of potential defendants. <u>Flowers</u>, 773 F.2d at 588-89. The court compared the limiting language to 18 U.S.C. § 2511 and 18 U.S.C. § 2512, finding that the 18 U.S.C. § 2520(a) "language tracks very closely the criminal offenses set out in § 2511, whereas the criminal offenses set out in § 2512 are defined in" different terms. <u>Id.</u> at 589. As a result, the court held that the proper construction of 18 U.S.C. § 2520(a) provided a civil cause of action for a violation of 18 U.S.C. § 2511, but not for a violation of 18 U.S.C. § 2512. <u>Id.</u> Such limiting language is no longer present in the statute, and the <u>Flowers</u> reasoning is not applicable to the instant case because 18 U.S.C. § 2520(a) now applies to all violations of the chapter.

Defendant also cites <u>Ages Group v. Raytheon Aircraft Co.</u>, 22 F. Supp. 2d 1310, 1315 (M.D. Ala. 1998), as holding that 18 U.S.C. § 2520(a) does not support a civil cause of action under 18 U.S.C. § 2512. The issue in <u>Ages Group</u>, however, was that the plaintiff needed to "create a question of fact as to whether communications were intercepted, disclosed, or intentionally used" under 18 U.S.C. § 2520, while also alleging possession of intercepting devices under 18 U.S.C. § 2512. <u>Id.</u> That issue is not present in the instant case because Plaintiff has pled in Count III that Defendant both intercepted and used communications. (Docket No. 1, ¶¶ 18, 20, incorporated into Count III at ¶ 33).

4

CASE NO. 8:03-CIV-850-T-17-TGW

Finally, the Ages Group court also relied on the line of reasoning set forth in Flowers that is inapplicable presently.

The Court prefers instead the line of reasoning set forth in numerous other district courts, including courts within the Eleventh Circuit, holding that 18 U.S.C. § 2520 does support a properly pled civil cause of action for a violation of 18 U.S.C. § 2512.  See DIRECTV, Inc. v. Verlsteffen, No. 02-61370-CIV-DIMITROULEAS (S.D. Fla. Feb. 4, 2003) (denying defendant's motion to dismiss because 18 U.S.C. § 2520 allows civil actions for violations of Chapter 119); DIRECTV, Inc. v. Calamanco, No. C 02-4102-MWB (N.D. Iowa Jan. 21, 2003) (denying defendant's motion to dismiss because 18 U.S.C. § 2520 authorizes a civil action under 18 U.S.C. § 2512(1)(b)); DIRECTV, Inc. v. James, No. 8:02-cv-1346-T-26MAP (M.D. Fla. August 28, 2002) (denying defendants' motion to dismiss because plaintiff properly alleged under 18 U.S.C. § 2520(a) that defendants intentionally intercepted plaintiff's satellite transmission); DIRECTV, Inc. v. EQ Stuff, Inc., 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002) (denying defendants' motion to dismiss because 18 U.S.C. § 2520 provides for a civil action for violations of 18 U.S.C. §§ 2510-2521); Oceanic Cablevision, Inc. v. M.D. Electronics, 771 F. Supp. 1019, 1027 (D. Neb. 1991) (denying defendants' motion to dismiss because 18 U.S.C. § 2520 "confers a private cause of action upon persons when the action is brought against parties that have violated the provisions of §§ 2510-2521").  Plaintiff has properly pled such a violation in this matter.  The Court having considered all the arguments of the parties is convinced that the motion to dismiss should be denied.  Accordingly, it is

ORDERED that Defendant's Motion to Dismiss (Docket No. 3) be **denied**, and Defendant shall answer the Complaint within ten (10) days of this Order.

DONE and ORDERED in Chambers, in Tampa, Florida, this 26 day of June, 2003.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIRECTV, INC.,**

**Plaintiff,**

**-vs-** **Case No. 6:03-cv-232-Orl-31JGG**

**LEONARDO DIAZ, and STEVE DICKERSON,**

**Defendants.**

---

## ORDER

This cause comes for the Court's consideration on Defendant Steve Dickerson's Motion to Dismiss the Complaint (Doc. 27), Memorandum of Law in Support thereof (Doc. 28), and Plaintiff's Amended Response thereto (Doc. 40).

On February 26, 2003, Plaintiff filed a three-count Complaint against Defendants, alleging: 1) unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a); 2) unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1); and 3) possession of pirate access devices in violation of 18 U.S.C. § 2512(1)(b). Thereafter, Defendant Dickerson filed a Motion to Dismiss as to Count III.

**I. Standard of Review**

In ruling on a motion to dismiss, the trial court must view the complaint in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c). *See also GSW, Inc. v. Long*

41

*County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The court will take the complaint's allegations as admitted by the defendants and liberally will construe them in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.   **Analysis**

Defendant asserts that 18 U.S.C. § 2520 of the Electronic Communications Privacy Act (the "Wiretap Act"), 18 U.S.C. §§ 2510-2521, does not provide for a private right of action for alleged violations of 18 U.S.C. § 2512 – a criminal statute – and that therefore Plaintiff's Count III must be dismissed.

As Defendant himself acknowledges, although the Wiretap Act does not provide for a private cause of action for mere possession of a device, the language of § 2520[1] expressly provides for a private cause of action when a "party's electronic communication is intercepted, disclosed, or intentionally used." (*See* Doc. 28 at 3). Plaintiff here did not allege in its Complaint merely that Defendant *possessed* the pirate access devices in question. Rather, Plaintiff alleged that Defendant intentionally *used* the devices in violation of § 2512 of the Wiretap Act. (*See* Compl., Doc. 1, at

---

[1]Section 2520 states as follows:

(1) Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate. 18 U.S.C. § 2520(1).

¶¶ 18, 36).   For this reason, Plaintiff has stated a cause of action upon which relief can be granted, and Defendant's Motion to Dismiss² must be denied.

## III.   Conclusion

It is therefore

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. 27) is hereby **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida this   2 7   day of June, 2003.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

²Defendant is not helped by the case it cites, *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985), for that case is distinguishable. In *Flowers*, the defendant was an electronic company that sold a recording device to a third party who then used the device improperly.  In the instant case, Defendant is alleged to be a possessor of a pirate access device who himself intentionally used the device in a manner that violates § 2512 of the Wiretap Act.  Moreover, it is noteworthy that *Flowers* was decided one year prior to congressional amendments to §§ 2512(1)(a)-(b).  As a result of those amendments, the statute now prohibits the selling of devices capable of being used in the interception of electronic communications. *See Oceanic Cablevision, Inc. v. M.D. Elec.*,771 F.Supp. 1019, 1028 (D.Neb. 1991).

-3-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIRECTV, INC., a California
corporation,

Plaintiff,

v.                                           CASE NO. 3:03-cv-398-J-16HTS

GORDON GATTONE, JERRY GASKINS,
TERESA GRAHAM, and CHARLES
DEFRANK,

Defendants.

_____/

# O R D E R

Before the Court is Defendant Gordon Gattone's Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss (Dkt. 3), filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. The Plaintiff filed a Response in Opposition to the Plaintiff's Motion to Dismiss (Dkt. 6).

## I.     The Plaintiff's Allegations

The Plaintiff, a California company providing satellite entertainment services, filed its Complaint (Dkt. 1) for compensatory and statutory damages, as well as injunctive relief, on May 7, 2003. The Plaintiff claims it provides more than 225 channels of digital programming to homes and businesses equipped with digital satellite equipment, including movies and special events that are viewable by subscribers on a pay-per-view basis. The Plaintiff does not manufacture the equipment necessary to view its programming, but instead simply provides satellite programming packages to its subscribers, which are encrypted so as not to be viewable by non-subscribers.

For a monthly fee, the Plaintiff provides programmable "access cards" to its subscribers that are used in conjunction with a satellite dish and signal receiving box to decrypt ordered satellite transmissions and prevent unauthorized access. The Plaintiff claims that it invests substantial time and

energy into maintaining its security and protecting its paid subscription services from pirates. These pirates seek to use various devices to disable the encrypted access cards to allow unauthorized viewing of the Plaintiff's programming.

The Plaintiff alleges that Defendant Gattone, a resident of St. Augustine, Florida, purchased a pirate access device on or about May 10, 2001 from a Canadian company. The Defendant allegedly received the device via the United States Postal Service and it was shipped to his home in St. Augustine. The Complaint also alleges that each individual Defendant purchased a device designed to illegally intercept the Plaintiff's transmissions, and then used the device to intentionally intercept or endeavor to intercept the Plaintiff's electronic transmissions without authorization. Dkt. 1, ¶¶18, 23.

The Defendant now moves to dismiss the Complaint against him, or in the alternative, for judgment on the pleadings, claiming that the Plaintiff has failed to state a claim for relief. His sole ground for dismissal is that all three counts of the Complaint do not sufficiently allege that he violated federal laws by intentionally, knowingly and deliberately intercepting any of the Plaintiff's transmissions. Instead, he contends there can be no liability based simply on the possession of the device, which could potentially be used for legal purposes, without allegations that the device was actually used for the illegal interception of the Plaintiff's electronic transmissions.

II.     **Standard of Review**

To prevail on a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Defendant must show beyond all doubt that the Plaintiff can prove no set of facts in support of its claims such that dismissal is proper. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Hishon v. King & Spaulding, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Luckey v. Harris, 860 F.2d 1012, 1016 (11th Cir. 1988). In other words, courts generally disfavor motions to dismiss and only grant such motions in rare circumstances. See Gasper v. La. Stadium and Exposition

2

Dist., 577 F.2d 897, 900 (5th Cir. 1978). Moreover, the Court is required to accept all of the Plaintiff's well-pleaded facts as true, and all reasonable inferences are to be construed in the light most favorable to the Plaintiff. See, e.g., Bryant v. Avado Brands. Inc., 187 F.3d 1271, 1274, n.1 (11th Cir. 1999); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998); Rickman v. Precisionaire, Inc., 902 F. Supp. 232, 233 (M.D. Fla. 1995).

## III.    Discussion

The Defendant argues that the mere "purchase and receipt" by mail of some devices that can allegedly be used for both legal and illegal purposes does not constitute a violation of federal statutes governing the unauthorized publication of communications and the interception and possession of intercepting devices. See 47 U.S.C. §605(a); 18 U.S.C. §2511(a); 18 U.S.C. §2512(1)(b). These statutes, which form the basis of the Plaintiff's Complaint, purportedly do not prohibit the mere receipt of such devices for legal purposes, whatever those may be. The Defendant therefore claims that the Plaintiff's "mere suspicion" that he purchased and actually used a device for illegal purposes is not sufficient to state a claim under federal wiretapping laws. See, e.g., Williams v. Poulos, 11 F.3d 271 (1st Cir. 1993); United States v. Duncan, 598 F.2d 839 (4th Cir. 1979). Accordingly, as there are no allegations that the Defendant intentionally, knowingly and deliberately used any device to intercept the Plaintiff's electronic communications, the Defendant argues that the Complaint must be dismissed. See also United States v. Townsend, 987 F.2d 927 (2nd Cir. 1993).

Taking the allegations in the Complaint in the light most favorable to the Plaintiff, however, the Court finds that the Plaintiff has sufficiently pled that the Defendant not only received and possessed an illegal device, which is prohibited under Section 2512(1)(b), but that he also used this device to illegally intercept the Plaintiff's transmissions. Several paragraphs of the Complaint do in fact allege that the Defendants possessed and used the access devices for illegal purposes, including the intentional

3

72A

interception of the Plaintiff's electronic communications without authorization.  Dkt. 1, ¶¶18, 23, 29, 33, 37.  The Court will therefore deny the Defendant's Motion based on this sole ground for dismissal or judgment on the pleadings, as illegal possession, use and interception in violation of federal laws has been alleged against the individual Defendants.

Accordingly, upon due consideration, Defendant Gordon Gattone's Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss (Dkt. 3) is **DENIED.**  The Defendant is hereby **ORDERED** to file an answer to the Plaintiff's Complaint within eleven (11) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Jacksonville, Florida this 17th day of June, 2003.

JOHN H. MOORE II
United States District Judge

Copies to:       Counsel of Record
                 Law Clerk

4



# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DIRECTV, INC.,

                        Plaintiff,

-vs-                                         Case No.  6:03-cv-479-Orl-31DAB

CAROLYN A. BANKE, RICHARD J.
BANKE, ROBERT BENNETT, & JACK
BERCAW,

                        Defendants.

---

# ORDER

This cause comes for the Court's consideration on Defendant Jack Bercaw's Motion to Dismiss the Complaint (Doc. 20) and Plaintiff's Response in Opposition thereto (Doc. 22).

On April 21, 2003, Plaintiff filed a three-count Complaint against Defendants, alleging: 1) unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a); 2) unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1); and 3) possession of pirate access devices in violation of 18 U.S.C. § 2512(1)(b).  Thereafter, Defendant Bercaw filed a Motion to Dismiss as to Count III.

## I.     Standard of Review

In ruling on a motion to dismiss, the trial court must view the complaint in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c).  *See also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The court will take the complaint's

allegations as admitted by the defendants and liberally will construe them in the plaintiff's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969). A court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

## II.   Analysis

Defendant asserts that 18 U.S.C. § 2520 of the Electronic Communications Privacy Act (the "Wiretap Act"), 18 U.S.C. §§ 2510-2521, does not provide for a private right of action for alleged violations of 18 U.S.C. § 2512 – a criminal statute – and that therefore Plaintiff's Count III must be dismissed. In support, Defendant cites to an Order issued by Judge John Antoon of this District on April 18, 2003, in which he held that § 2520 provides for a "private cause of action when a party's electronic communication is intercepted, disclosed, or intentionally used, but nowhere is there a private cause of action for mere possession of a devise [sic]." (Doc. 14, Case No. 6:03-cv-239-ORL - 28AAB, at 3). Defendant asserts that Judge Antoon's Order has a *stare decisis* effect on Plaintiff.

As Plaintiff points out, however, it did not allege in its Complaint merely that Defendant *possessed* the pirate access devices in question. Rather, Plaintiff alleged that Defendant intentionally *used* the devices in violation of § 2512 of the Wiretap Act. (*See* Compl., Doc. 1, at ¶¶ 18, 24, 32, 36). As Judge Antoon noted, the language of § 2520[1] expressly provides for a

---

[1]Section 2520 states as follows:

(1) Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that

private cause of action where a person's electronic communication is intentionally used in violation of § 2512, as alleged herein.[2]  For this reason, Plaintiff has stated a cause of action upon which relief can be granted, and Defendant's Motion to Dismiss must be denied.

**III.    Conclusion**

It is therefore

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. 20) is hereby

**DENIED.**

DONE and **ORDERED** in Chambers, Orlando, Florida this  **2-7**  day of June, 2003.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

---

violation such relief as may be appropriate.  18 U.S.C. § 2520(1).

[2]The case cited by Defendant – *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985) – is distinguishable.  In *Flowers*, the defendant was an electronic company that sold a recording device to a third party who then used the device improperly.  In the instant case, Defendant is alleged to be a possessor of a pirate access device who himself intentionally used the device in a manner that violates § 2512 of the Wiretap Act.  Moreover, it is noteworthy that *Flowers* was decided one year prior to congressional amendments to §§ 2512(1)(a)-(b).  As a result of those amendments, the statute now prohibits the selling of devices capable of being used in the interception of electronic communications. *See Oceanic Cablevision, Inc. v. M.D. Elec.*, 771 F.Supp. 1019, 1028 (D.Neb. 1991).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION



DIRECTV, Inc., a California corporation,     Case No.:  03-80341
                                             CIV-MIDDLEBROOKS / JOHNSON
     Plaintiff,

v.

CRAIG BROW, et al.,

     Defendants.

_____/


DIRECTV, Inc., a California corporation,     Case No.:  03-80400
                                             CIV-MIDDLEBROOKS / JOHNSON
     Plaintiff,

v.

DAVID ROYE, JEFFREY ROTHSTEIN,
LYLE ROMER, and MIKE PITTS, et al.,

     Defendants.

_____/


## DEFENDANT, LYLE ROMER'S, MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, LYLE ROMER, by and through its undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss, and in support thereof would state:

1.     On or about May 19, 2003, Plaintiff filed its Complaint against ROMER and the other listed defendants.  Plaintiff's Complaint must be dismissed

1

under Rule 12(b)(6), as Plaintiff has failed to state of cause of action upon which relief can be granted.

2.    The essence of Plaintiff's complaint is that the Defendants intercepted and received Plaintiff's satellite transmissions of television programming without Plaintiff's authorization. It is further alleged that the Defendants "manufactured, assembled, distributed, sold and/or possessed Pirate Access Devices."

3.    Plaintiff has filed its lawsuit against five defendants who are not alleged to know each other, nor are they alleged to have engaged in any act together that caused Plaintiff to sustain damages.

4.    There is no connection between any of these five defendants, nor is such a connection alleged. Plaintiff does not allege joint and several liability. The dispute between Plaintiff and the multiple defendants **did not** arise out of the same transaction or occurrence. Therefore, joinder is not permitted under Federal Rules of Civil Procedure 20.

5.    Plaintiff's decision to file suit against the five defendants together is apparently so that Plaintiff can conserve its own costs, while making litigation for defendants more costly and time-consuming by joining multiple defendants together. However, cost conservation is not a valid basis for cutting corners with respect to adherence to the Federal Rules of Civil Procedure.

6.    Other Judges in the Southern District of Florida have recognized Plaintiff's improper filing practices and have *sua sponte* dismissed Plaintiff's suit. See copies of orders of dismissal attached hereto as composite Exhibit A.

2

7.      Although this Court has consolidated this action with similar actions filed by the Plaintiff, dismissal of all actions is still appropriate since consolidation is a remedy for the Court's benefit, not the parties.  The defendants must endure the high costs of litigation associated with multiple defendant cases (copy charges, postage to all defendants, etc.), while DirecTV avoids paying filing fees on the numerous defendants that have been improperly joined in the first place.

8.      DirecTV's filing practices are inequitable and deprive the Federal Court system and United States government of revenue.  DirecTV has filed identical suits against thousands of defendants across the country, many of which are filed as multiple defendant cases.  If DirecTV were forced to pay the filing fees on each defendant, as it should (and as many courts have ordered DirecTV to do), the figure could be in the hundreds of thousands, perhaps over a million dollars in filing fees.

9.      Counts II and III must be dismissed against ROMER because there is no private cause of action created under 18 U.S.C. § 2511 or 2112.  These statutes provide criminal penalties and do not afford Plaintiff a private right of redress.

10.     Plaintiff urges the Court to assume that the mere purchase of equipment allegedly prohibited under 18 U.S.C. § 2512 automatically constitutes a violation of 18 U.S.C. § 2511, which prohibits signal interception.  However, Plaintiff does not plead any additional facts to show a violation of 18 U.S.C. § 2511.

3

11.    The equipment ROMER allegedly purchased has legitimate purchases and is not primarily used for satellite theft.  In <u>United States v. Herring</u>, 933 F.2d 932 (11th Cir 1991), the Eleventh Circuit Court of Appeals held that a device must have few, if any, non surreptitious and legitimate uses to be prohibited by Section 2512.  It further stated that a modified satellite descrambler has legitimate uses, thereby precluding application of Section 2512.  <u>Id</u>.

12.    The Complaint is pure harassment.  Plaintiff has filed this exact same suit against thousands of people around the country based upon little more than a list of alleged purchasers of equipment, with no proof the equipment was received or ever even operated by the purchaser.

11.    Plaintiff has conducted **no** pre-suit investigation to determine whether ROMER actually purchased the equipment, whether he received it, operated it, or used it to intercept Plaintiff's signal.  The shot-gun pleading is insufficient as a matter of law and must be dismissed.

WHEREFORE, Defendant, LYLE ROMER, respectfully requests this Honorable Court to dismiss Plaintiff's Complaint, award fees and costs to the Defendant, or whatever relief this Court deems just and equitable.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

*I.    Plaintiff's suit against five defendants that have nothing to do with each other constitutes an improper joinder of parties requiring dismissal of Plaintiff's Complaint.*

Federal Rule of Civil Procedure 20 provides "all persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same

4

transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Plaintiff does not allege joint and several liability, nor does Plaintiff allege that the acts giving rise to suit arise out of the same transaction or occurrence.

Plaintiff alleges that ROMER purchased a Pirate Access Device on March 30, 2001, and that other defendants purchased the other devices on various other days from various other vendors. Therefore, Plaintiff makes clear that the acts allegedly causing injury to Plaintiff arose out of d*istinctly different* acts / transactions occurring at *distinctly different times*, by *distinctly different defendants*. Dismissal is appropriate where defendants are improperly joined. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir.1996); Response Oncology Inc. v. The Metrahealth Insurance Corporation, 978 F.Supp 1052 (S.D. Fla. 1997). Plaintiff's actions in filing the multiple defendant lawsuit must be sanctioned by dismissal, pursuant to the Rules of Procedure, and the principal of *res judicata*. See Orders of Dismissal by other Judges within the Southern District of Florida, attached hereto as composite Exhibit A.

**II.** ***Since there is no private cause of action under 18 U.S.C. § 2511 nor 18 U.S.C. § 2512, Counts II and III must be dismissed.***

In pertinent part, 18 U.S.C. § 2511(1)(a) provides:

> (A)ny person who – willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral or electronic communication . . . shall be punished as provided in subsection (4) or shall be subject to suit (by the Federal Government) as provided in subsection (5).

Similarly, 18 U.S.C. § 2512(1)(b) provides:

5

> (A)ny person who manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce…shall be fined under this title or imprisoned not more than five years, or both."

The final sentence in both these statutes reveals their criminal nature. These statutes provide criminal penalties, not civil redress. While 18 U.S.C. § 2520 provides a civil cause of action for any person whose communication is "intercepted, disclosed or used in violation of (Chapter 18)," Counts II and III cite §§ 2511, 2512 rather than § 2520. Furthermore, the civil penalty is available, if at all, for actual interception, not mere possession of "Piracy Access Devices".

The Courts have considered the issue of private suits under §§ 2511 and 2512. In Flowers v. Tandy Corporation, 773 F.2d 585 (4th Cir. 1985), the Fourth Circuit held that the civil cause of action created by § 2520 is to remedy violations of § 2511 but not § 2512. In Ages Group L.P. v. Raytheon Aircraft, 22 F.Supp.2d 1310, 1315 (M.D. Ala. 1998), the court held that there is no "private right of action against a defendant based on evidence that the defendant possessed surveillance equipment within the meaning of (§ 2512). Furthermore, other Florida District Courts have considered the application of § 2512 in a civil claim, and have rejected the same, finding § 2512 criminal in nature and without civil recourse. See Orders attached hereto as composite Exhibit B, including Order on Motion to Dismiss, *DirecTV v. Thacker*, et al, 6:03-CV-239-Orl-28DAB, Middle District of Florida (dismissing § 2512 claim); See also *DirecTV v.*

6

*Karpinsky*, 02-CV-73929, Eastern District of Michigan (granting summary judgment in favor of defendant and against DirecTV, where DirecTV filed the identical complaint as the instant action.)

In *DirecTV v. Karpinsky*, DirecTV cited the same caselaw in opposition to the Defendant's Motion for Summary Judgment as we may expect it will cite in opposition to this Motion.  The court in the *Karpinsky* matter rejected the caselaw and found that "mere possession of two . . . devices in 2001 is insufficient to support a finding of liability against Karpinsky under 47 USC 605(a), 18 USC 2511 (1)(a), or 18 U.S.C. 2512(1)(b)."

**III.   *Count II must be dismissed because a violation of 18 U.S.C. § 2512, which is clearly not civilly actionable, does not automatically constitute a violation of 18 U.S.C. § 2511.***

Plaintiff alleges that ROMER purchased equipment that allegedly violates 18 U.S.C. § 2512.  Plaintiff thereby concludes that ROMER has intercepted Plaintiff's electronic transmission, in violation of § 2511.  However, Plaintiff does not plead any facts that demonstrate how Plaintiff reaches this conclusion.  The leap of logic Plaintiff makes does not allege even the minimal facts necessary to make out a prima facie claim under § 2511.  Plaintiff must plead additional facts which are distinctly different from Counts I and III.

Plaintiff has made no effort to investigate whether ROMER actually intercepted its signal.  The lack of pre-suit investigation and the harassing nature of this unfounded, shotgun-plead lawsuit must be sanctioned by dismissal and fees and costs must be awarded to this Defendant.

7

WHEREFORE, Defendant, LYLE ROMER respectfully requests this Honorable Court grant the foregoing Motion to Dismiss, plus an award of costs and fees, or whatever relief this Court deems just and equitable.

Respectfully submitted,

_____
JONATHAN A. YELLIN, Esq.

JONATHAN A. YELLIN, P.A.
Florida Bar Number· 191892
1000 South Andrews Avenue
Fort Lauderdale, FL  33316
Office: (954) 767-6100
Fax:   (954) 767-6176

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2003, a true and correct copy of the foregoing has been sent via US Mail to Michael T. Sheridan, Esq., Stump, Storey, Callahan & Dietrich, P.A., P.O. Box 3388, Orlando, Florida  32802.

_____
JONATHAN A. YELLIN, Esq.

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 03-21053-CIV-HUCK/TURNOFF

DIRECTV, INC., a California corporation,

        Plaintiff,

v.

MIGUEL BENNASAR, E. NELSON
BETANCES, ALVARO BOLIVAR, and
DAVID BRADSHAW,

        Defendants.



FILED by _____ D.C.

MAY 0 1 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## ORDER DISMISSING DEFENDANTS, E. NELSON BETANCES, ALVARO BOLIVAR and DAVID BRADSHAW

THIS CAUSE is before the Court upon a *sua sponte* inquiry, pursuant to Federal Rule of Civil Procedure 21, regarding whether Plaintiff has misjoined claims against the several Defendants. On April 29, 2003, Plaintiff, DIRECTV, INC., filed the above-captioned action against Defendants alleging, among other things, that Defendants intercepted and unscrambled Plaintiff's satellite transmission of pay television programming without authorization by or payment to Plaintiff. After reviewing and carefully considering the Complaint, and being otherwise advised, the Court concludes that severance of this action is appropriate because Plaintiff's claims against Defendant MIGUEL BENNASAR, the first named defendant, are separate and apart from the claims against the remaining Defendants, E. NELSON BETANCES, ALVARO BOLIVAR, and DAVID BRADSHAW. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1.    The claims against Defendants E. NELSON BETANCES, ALVARO BOLIVAR, and DAVID BRADSHAW are severed from this suit and DISMISSED without prejudice.

2.    If Plaintiff files new suits against these Defendants by May 28, 2003, the new suits shall relate back to the date of the complaint filed in this action for statute of limitation purposes. Plaintiff shall serve a copy of this Order on all Defendants.

3.    If Plaintiff elects to file new suits against the severed Defendants, a copy of this order shall be provided to the Clerk of Court at the time of filing. The Clerk of Court is directed to assign the



EXHIBIT
A

new complaints to the undersigned, pursuant to Rule 3.9 of the Local Rules for the Southern District of Florida.

4.     The Clerk of Court shall change the style of this cause, Case No. 03-21053-CIV-HUCK/TURNOFF, to reflect MIGUEL BENNASAR as the only remaining defendant in the case.

DONE in Chambers, Miami, Florida, this _____ day of April, 2003.

_____
Federico A. Moreno
United States District Judge

for  Paul C. Huck
United States District Judge

Copies furnished to:

James A. Boatman, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 03-21147-CIV-JORDAN



DIRECTV, INC.                                )
                Plaintiff                    )
                                             )
vs.                                          )
                                             )
ANTHONY DIAZ, MICHAEL DIAZ,                  )
NESTOR DIAZ, JARED FREEDMAN, and             )
MARK GARDNER                                 )
                                             )
                Defendants                   )
                                             )
                                             )

### ORDER DISMISSING DEFENDANTS MICHAEL DIAZ, NESTOR DIAZ, JARED FREEDMAN, AND MARK GARDNER

This issue is before the court *sua sponte*, pursuant to Federal Rules of Civil Procedure 20 and 21. On May 9, 2003, Directv filed a complaint in this action asserting various claims against the defendants relating to the unauthorized reception of Directv's satellite signals.

Rule 20(a) provides that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ." After reviewing the complaint, however, it appears that the claims for relief against each of the defendants arise out of a separate transactions or occurrences.

Although each of the defendants allegedly purchased pirating technology, each purchase represents a separate transaction.[1] The defendants have absolutely no relation to one another, other than their alphabetical proximity. Each separately purchased the technology and separately used the technology for his or her own benefit. While there may exist some common questions of law between the claims against each of the defendants, the claims against Anthony Diaz are factually distinct from those asserted against the remaining defendants.

---

[1] Although the complaint alleges that several of the defendants purchased their respective pirating technology from the same source, there is _____ that would otherwise link the defendants or their respective purchases.



EXHIBIT
A2

Rule 21 permits a district court to sever the claims against defendants who have been misjoined and require the plaintiff to proceed against the defendants separately. Accordingly, the claims against Michael Diaz, Nestor Diaz, Jared Freedman and Mark Gardner are severed from this suit, and DISMISSED WITHOUT PREJUDICE. If Directv refiles a suit against any of these defendants by June 30, 2003, the new suits shall relate back to the date of the complaint filed in this action for statute of limitations purposes. Directv shall serve a copy of this order on all the defendants.

If Directv files new suits against the severed defendants, a copy of this order shall be provided to the Clerk of the Court at the time of filing. The Clerk is directed to assign the new complaints to the undersigned, pursuant to Local Rule 3.9.

DONE and ORDERED in chambers in Miami, Florida, this 24th day of May, 2003.

Adalberto Jordan
United States District Judge

Copy to:    All counsel of record
            Magistrate Judge Brown

2



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIRECTV, INC.,

       Plaintiff,

-vs-                  Case No. 6:03-cv-236-Orl-28DAB

JEFF THACKER, HAROLD HOOVER,
PETER SMITH, SUSAN TRIPP,
BENNETT LEVE,

       Defendants.

---

## ORDER

Plaintiff, DIRECTV, Inc., has sued Defendant, Bennett Leve, and others for violation of provisions of 18 U.S.C. §§ 2512(1) and 2520. Pursuant to Fed. R. Civ. P. 12(b)(6), Mr. Leve moves this court to dismiss Count III of the Complaint asserting that 18 U.S.C. § 2512 does not provide DIRECTV a private right of action. The motion must be granted.

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Such a motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cal. Int'l Chem. Co. v. Neptune Pool Serv., Inc., 770 F. Supp. 1530, 1532 (M.D. Fla. 1991); see also Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F. 2d 1171, 1174 (11th. Cir. 1993) ("Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint."). A trial court, in ruling on a

$2\backslash$





EXHIBIT
$B'$

motion to dismiss, is required to review the complaint in the light most favorable to the plaintiff. Cal. Int'l, 770 F. Supp. at 1532. Consequently, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev., 711 F.2d 989, 995 (11th Cir. 1983).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). However, "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (citing Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)) (citation omitted).

Section 2512(1) is obviously a criminal statute the violation of which may result in imprisonment and imposition of a fine. In relevant part, the statute provides:

> (1) Except as otherwise specifically provided in this chapter, any person who intentionally
>> (b) manufactures, assembles, possesses, or sells any electronic, mechanical or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communication, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce; . . . shall be fined under this title or imprisoned not more than five years.

Section 2512 does not directly mention civil liability or indirectly suggest that Congress intended to provide private recourse for violation.

-2-

Section 2520(1), on the other hand, does create a civil right of action for certain specific violations. It provides:

> (1) Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is **intercepted, disclosed, or intentionally used** in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate. (emphasis added).

The question thus becomes whether the Complaint includes allegations falling within the exception providing for a civil cause of action.

The allegations specifically attributed to Mr. Leve do not include allegations that he intercepted, disclosed or intentionally used the electronic communications of DIRECTV. Indeed, those allegations contained in paragraphs 23 - 27 of the Complaint claim that Mr. Leve merely ordered and received Pirate Access Devices. Paragraph 18 of the Complaint alleges defendants "purchased and used illegally modified DIRECTV Access Cards and other devices ("Pirate Access Devices") that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV." These paragraphs do not state, however, that Mr. Leve "intercepted, disclosed, or intentionally used" DIRECTV's electronic communications. Accordingly, these allegations alone would not support a civil cause of action under 18 U.S.C. § 2512. See generally Flowers v. Tandy Corp., 773 F.2d 585 (4th Cir. 1985).

Accordingly, Mr. Leve's Motion to Dismiss (Doc. 13) is granted and Count III is dismissed without prejudice as to Bennett Leve.  Plaintiff is granted 15 days to file an amended complaint.

DONE and ORDERED in Chambers, Orlando, Florida this _15_ day of April, 2003.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIRECTV, Inc.,
a California corporation,

Plaintiff/Counter-Defendant,

and

HUGHES ELECTRONICS, CORP.,          Case No. 02-CV-73929
a California corporation,            HON. GEORGE CARAM STEEH

Counter-Defendant,

vs.

EUGENE KARPINSKY,

Defendant/Counter-Plaintiff.

_____/

OPINION AND ORDER
GRANTING DEFENDANT KARPINSKY'S MOTION FOR SUMMARY JUDGMENT;
GRANTING COUNTER-DEFENDANTS DIRECTV'S AND HUGHES'
MOTION FOR SUMMARY JUDGMENT; DENYING KARPINSKY'S MOTION FOR
LEAVE TO AMEND COUNTERCLAIMS; AND DENYING KARPINSKY'S
MOTION FOR RULE 11 SANCTIONS

Eugene Karpinsky moves for summary judgment of DirecTV's claims of:
unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a); unauthorized
interception of satellite communication in violation of 18 U.S.C. § 2511(1)(a); possession
of pirate access devices in violation of 18 U.S.C. § 2511(1)(b); and conversion. DirecTV
and Hughes Electronics, Corp., move for summary judgment of Eugene Karpinsky's
counterclaims of: extortion, 18 U.S.C. § 876; conspiracy to commit extortion; violations of
the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, and
Michigan's Fair Collection Practices Act ("FCPA"), M.C.L. § 339.901; civil liability under the
Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; violations


EXHIBIT
B-2

...sue Michigan Cu... mer Protection Act ("MCPA"), M.C.S.A.§ 445.91 et seq.; fraud and misrepresentation; and defamation. A hearing on the cross-motions for summary judgment was held on May 28, 2003. On May 14, 2003, Karpinsky filed two additional motions: a motion for leave to file amended counterclaims; and a motion for imposition of sanctions under Federal Rule of Civil Procedure 11. Oral argument on the May 14, 2003 motions would not significantly aid the decisional process, and it is thus ORDERED that these two motions be resolved without oral argument. See E.D. Mich. Local R. 7.1(e)(2). For the reasons set forth below, Eugene Karpinsky's motion for summary judgment of DirecTV's claims will be GRANTED. DirecTV's and Hughes Electronics' motion for summary judgment of Karpinsky's counterclaims will be GRANTED. Karpinsky's motion for leave to file amended counterclaims will be DENIED. Karpinsky's motion for Rule 11 sanctions will be DENIED.

## I. Background

DirecTV filed a complaint on October 1, 2002 alleging it executed writs of seizure on December 11, 2002 at a mail shipping facility used by non-party USA Cardcleaners to sell electronic devices that are used to unlawfully intercept DirecTV's encrypted satellite television transmissions. DirecTV alleges that, based on seized USA Cardcleaners' sales records, Karpinsky purchased a pirate access device known as a "Smartcard Recover System" on August 25, 2001, and purchased another "Smartcard Recover System" on September 27, 2001, both being shipped to Karpinsky's Oak Park, Michigan residence. DirecTV alleges Karpinsky purchased the devices for the purpose of viewing DirecTV's satellite television programing without authorization or payment. In Count I, DirecTV alleges Karpinsky received and assisted others in receiving unauthorized programming, in violation of 47 U.S.C. § 605(a). Count II alleges Karpinsky intentionally intercepted, endeavored to intercept, or procured others to intercept DirecTV's satellite programming

2

in violation of 18 U.S.C. § 2511(1)(a). Count III alleges Karpinsky has possessed pirate access devices in violation of 18 U.S.C. § 2512(1)(b). Count IV alleges Karpinsky is liable in common law conversion for unlawfully intercepting DirecTV's satellite transmissions for his own use. DirecTV seeks injunctive relief under 47 U.S.C. § 605(e)(3)(B)(i) and 18 U.S.C. § 2520(b)(1), damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and 18 U.S.C. § 2520(c)(2), or 47 U.S.C. § 605(e)(3)(C)(i)(I) and 18 U.S.C. § 2520(c)(2), and reasonable attorney fees under 47 U.S.C. § 605(e)(3)(B)(iii) and 18 U.S.C. § 2520(b)(3).

By way of leave granted, Karpinsky filed counterclaims against DirecTV[1] and DirecTV's parent corporation Hughes Electronics alleging he purchased and received two "Smartcard Recover System" devices from USA Cardcleaners for use on his personal computer, but that the devices never worked. Karpinsky alleges he received a letter from DirecTV's collection representative "DirecTV End User Development Group" in July 2002 accusing him of using the devices to steal DirecTV's transmissions. Karpinsky alleges that, notwithstanding his denials, he was repeatedly phoned by DirecTV's representative and told that, if he did not want to be sued or face criminal charges, he would need to pay DirecTV $4,500.00. In Count I of his counterclaim, Karpinsky alleges extortion under 18 U.S.C. § 876. Count II alleges conspiracy to commit extortion. Count III alleges violations of both the FDCPA and FCPA. Count IV alleges RICO liability. Count V alleges deceptive trade practices in violation of MCPA. Count VI alleges fraud and misrepresentation based on statements made to Karpinsky that he had attempted to steal DirecTV programming. Count VII alleges defamation based on alleged published false statements made to third-parties that Karpinsky committed a crime or violated a statute.

---

[1] Defendant Karpinsky also alleges that "DirecTV End User Development Group" is a counter-defendant. Unless otherwise specified, references to DirecTV include DirecTV End User Development Group.

II. Motions For Summary Judgment

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See FDIC v. Alexander, 78 F.3d 1103, 1106 (6th Cir. 1996). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Kutrom Corp. v. City of Center Line, 979 F.2d 1171, 1174 (6th Cir. 1992).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Winningham v. North Am. Resources Corp., 42 F.3d 981, 984 (6th Cir. 1994) (citing Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir. 1989)). The evidence and all inferences therefrom must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Enertech Elec., Inc. v. Mahoning County Comm'r, 85 F.3d 257, 259 (6th Cir. 1996); Wilson v. Stroh Co., Inc., 952 F.2d 942, 945 (6th Cir. 1992). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also Adams v. Philip Morris, Inc., 67 F.3d 580, 583 (6th Cir. 1995).

A. Karpinsky's Motion for Summary Judgment

4

DirecTV has no evidence to support a requisite finding that he, Karpinsky, ever intercepted

a DirecTV satellite transmission. Karpinsky maintains that recently deposed DirecTV Vice

President Larry Rissler admitted that the only evidence DirecTV has to support its claims

are two receipts evidencing Karpinsky's purchase of the two "Smartcard Recovery System"

devices. Karpinsky argues DirecTV has no evidence to dispute that he attempted, without

success, to use the devices on his personal computer to restrict access to the internet.

Karpinsky continues that he cannot be held liable under 18 U.S.C. § 2511(1)(a) or 18

U.S.C. § 2512(1)(b) because these criminal statutes do not provide for civil liability.

Karpinsky continues that he is entitled to summary judgment of DirecTV's conversion

claims because: (1) DirecTV cannot prove he intercepted or "converted" a DirecTV satellite

signal; (2) a satellite signal is not "personal property" subject to conversion, and; (3) the

state conversion claim is preempted by federal copyright law.

47 U.S.C. § 605(a) provides:

(a) Practices prohibited

Except as authorized by chapter 119, Title 18, no person receiving, assisting
in receiving, transmitting, or assisting in transmitting, any interstate or foreign
communication by wire or radio shall divulge or publish the existence,
contents, substance, purport, effect, or meaning thereof, except through
authorized channels of transmission or reception, (1) to any person other
than the addressee, his agent, or attorney, (2) to a person employed or
authorized to forward such communication to its destination, (3) to proper
accounting or distributing officers of the various communicating centers over
which the communication may be passed, (4) to the master of a ship under
whom he is serving, (5) in response to a subpoena issued by a court of
competent jurisdiction, or (6) on demand of other lawful authority. No person
not being authorized by the sender shall intercept any radio communication
and divulge or publish the existence, contents, substance, purport, effect, or
meaning of such intercepted communication to any person. No person not
being entitled thereto shall receive or assist in receiving any interstate or
foreign communication by radio and use such communication (or any
information therein contained) for his own benefit or for the benefit of another
not entitled thereto. No person having received any intercepted radio
communication or having become acquainted with the contents, substance,

5

purport, effect, or meaning of such communication, any part thereof, knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. This section shall not apply to the receiving, divulging, publishing, or utilizing the contents of any radio communication which is transmitted by any station for the use of the general public, which relates to ships, aircraft, vehicles, or persons in distress, or which is transmitted by an amateur radio station operator or by a citizens band radio operator.

47 U.S.C. § 605(e)(3) provides:

(3)(A) Any person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction.

(B) The court—
(i) may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section;
(ii) may award damages as described in subparagraph (C); and
(iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

(C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses:

(I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or

(II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

(ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

(iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

(emphasis added).

18 U.S.C. § 2511(1)(a) provides:

(1) Except as otherwise specifically provided in this chapter any person who—

(a) intentionally <u>intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept</u>, any wire, oral, or electronic communication . . . shall be punished as provided in subsection (4) or shall be <u>subject to suit as provided in subsection (5)</u>.

(emphasis added). 18 U.S.C. § 2511(5) reads:

(5)(a)(i) If the communication is—

(A) a private satellite video communication that is not scrambled or encrypted and the conduct in violation of this chapter is the private viewing of that communication and is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain; or
(B) a radio communication that is transmitted on frequencies allocated under subpart D of part 74 of the rules of the Federal Communications Commission that is not scrambled or encrypted and the conduct in violation of this chapter is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain, then the person who engages in such conduct shall be <u>subject to suit by the Federal Government in a court of competent jurisdiction.</u>

(ii) In an action under this subsection—

(A) if the violation of this chapter is a first offense for the person under paragraph (a) of subsection (4) and such person has not been found liable in a civil action under section 2520 of this title, <u>the Federal Government shall be entitled to appropriate injunctive relief;</u> and

(B) if the violation of this chapter is a second or subsequent offense under paragraph (a) of subsection (4) or such person has been found liable in any prior civil action under section 2520, the person shall be subject to a mandatory $500 civil fine.

(b) The court may use any means within its authority to enforce an injunction issued under paragraph (ii)(A), and shall impose a civil fine of not less than $500 for each violation of such an injunction.

18 U.S.C. § 2512(1)(b) reads:

7

_Thoma v. Tracy Motor Sales, Inc._, 360 Mich. 434, 438, 104 N.W.2d 360 (1960)). DirecTV does not allege that the "Smartcard Recovery System" devices were DirecTV's personal property. Assuming without deciding that satellite transmissions are "personal property" subject to conversion, DirecTV must prove that Karpinsky wrongfully exerted dominion over DirecTV's satellite transmissions.

Construing the pleadings and evidence in a light most favorable to plaintiff, DirecTV has failed to meet its burden of coming forward with evidence that would permit a reasonable fact-finder to conclude that Karpinsky in fact received, assisted in receiving, intercepted, disclosed, intentionally used, or wrongfully exerted control over DirecTV's satellite television transmissions. _First Nat'l Bank_, 391 U.S. at 270; _Adams_, 67 F.3d at 583. It is undisputed that Karpinsky was not, and is not, a subscriber to DirecTV, and is not equipped with the receiver and satellite dish necessary to receive and interpret DirecTV's satellite transmissions. DirecTV does not allege, nor does it proffer evidence, that Karpinsky otherwise possessed the equipment necessary to receive and interpret satellite transmissions. DirecTV has not proffered evidence that Karpinsky knew others that possessed the electronic equipment required to receive DirecTV's broadcasts; it is undisputed that a "Smartcard Recovery System" device, on its own, is incapable of receiving satellite transmissions.

The evidence relied upon by DirecTV as proof that Karpinsky unlawfully intercepted or aided in unlawfully intercepting DirecTV satellite signals is: (1) Karpinsky's purchase and possession of the two "Smartcard Recovery System" devices in 2001; (2) DirecTV Vice President Larry Rissler's attestations that "I am unaware of any legitimate commercial or private use for Smartcard Recovery Systems, other than to assist with the interception and decryption of DIRECTV's transmission signals", Rissler February 10, 2003 Affidavit, ¶ 7, at 3, and; (3) Rissler's attestations to the effect that anyone who visited USA Cardcleaners

10

former internet w... sites would have reason to know that the advertised devices had as their primary use the illegal reception of DIRECTV's satellite signals," Rissler Supplemental Affidavit, ¶ 6, at 2. At best, this evidence raises a reasonable inference that Karpinsky possessed the two "Smartcard Recovery Systems" knowing they were primarily used to unlawfully intercept DirecTV signals. Rissler does not dispute the possible legitimate uses for the card claimed by Karpinsky. In light of the other evidence in the record, however, including that Karpinsky has never subscribed to DirecTV and has never owned the necessary satellite reception equipment, the court is persuaded on this record that a reasonable fact-finder could not infer that Karpinsky in fact unlawfully intercepted or aided in unlawfully intercepting DirecTV satellite signals. Accordingly, and consistent with the legal analysis set forth herein, Karpinsky is entitled to summary judgment of DirecTV's claims as a matter of law. <u>Winningham</u>, 42 F.3d at 984.

### B. DirecTV's and Hughes Electronics' Motion for Summary Judgment

#### i. FDCPA and FCPA Counterclaims

At the outset, Karpinsky concedes that DirecTV and Hughes Electronics (hereinafter collectively referred to as "DirecTV") are entitled to summary judgment of Karpinsky's counterclaim alleging violations of the federal FDCPA because Karpinsky's alleged theft of satellite television transmissions does not constitute a "debt." <u>See Coretti v. Lefkowitz</u>, 965 F. Supp. 3, 5 (D. Conn. 1997) (holding that "[p]laintiff's alleged theft by use of an illegal decoding device does not constitute a 'debt' within the meaning of the FDCPA"); 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."). Michigan's FCPA defines "debt" to mean "an obligation or alleged obligation for the payment of money

11

or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes." M.C.L. § 339.901(a). DirecTV does not allege that Karpinsky is liable under an agreement or a contract of purchase. Analogous to the federal FDCPA , Karpinsky's alleged theft of DirecTV's satellite transmissions does not implicate Michigan's FCPA. DirecTV is entitled to summary judgment of Karpinsky's FDCPA and FCPA claims as alleged in Count III as a matter of law. Winningham, 42 F.3d at 984.

<div align="center">ii. Extortion Counterclaims</div>

Karpinsky alleges DirecTV is liable under 18 U.S.C. § 876 for extortion and conspiracy to commit extortion. 18 U.S.C. § 876 is a federal criminal statute that does not authorize a civil cause of action. Accordingly, DirecTV is entitled to summary judgment of Karpinsky's counterclaims of extortion and conspiracy to commit extortion as alleged in Counts I and II as a matter of law. Willing v. Lake Orion Community Schools Bd. of Trustees, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (holding dismissal appropriate where criminal statute does not provide for civil cause of action); Zolman v. Internal Revenue Service, 87 F. Supp.2d 763, 765 (W.D. Mich. 1999) (same); Winningham, 42 F.3d at 984.

<div align="center">iii. MCPA Counterclaim</div>

Karpinsky alleges DirecTV is liable under the MCPA for deceptive trade practices. The MCPA defines specific, actionable "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce . . . ." M.C.L. § 445.903(1). The MCPA also defines "trade or commerce":

> "Trade or commerce" means the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity. "Trade or commerce" does not include the purchase or sale of a franchise, but does include pyramid and chain promotions, as "franchise", "pyramid", and "chain

<div align="center">12</div>

promotions' are defined in Act No. 269 of the Public Acts of 1974, being sections 445.1501 to 445.1545 of the Michigan Complied Laws.

M.C.L. § 445.902(d). The term "transaction" as used throughout the MCPA means the business conducted between the parties. Zine v. Chrysler Corporation, 236 Mich. App. 261, 280, 600 N.W.2d 384 (1999).

It is undisputed that Karpinsky is not a subscriber to DirecTV's satellite television services. It follows that Karpinsky and DirecTV have not engaged in "trade or commerce" by conducting business involving "the advertising, solicitation, offering for sale or rent, sale, lease, or distribution" of DirecTV's services. M.C.L. § 445.902(d). Rather, Karpinsky was accused by DirecTV of stealing satellite services. Accordingly, the MCPA is inapplicable, and DirecTV is entitled to summary judgment of Karpinsky's Count V counterclaim alleging violations of the MCPA as a matter of law. Winningham, 42 F.3d at 984.

### iv.  Fraud and Misrepresentation Counterclaim

Karpinsky's allegations of fraud and misrepresentation are premised on statements made by DirecTV to Karpinsky involving its accusations that he had stolen or attempted to steal DirecTV satellite programming, including written and oral representations that Karpinsky in fact unlawfully intercepted DirecTV satellite transmissions, and that "Congress has made the mere possession of signal theft equipment a violation of federal law in certain circumstances."[2] Karpinsky alleges DirecTV made these representations for the purpose of causing Karpinsky to pay DirecTV $3,500.00 to $4,500.00 to settle the matter.

> To establish a cause of action for fraud or misrepresentation, a plaintiff must prove (1) that the defendant made a material representation, (2) that the representation was false, (3) that when the defendant made the representation, the defendant knew that it was false, or made it recklessly without knowledge of its truth or falsity, (4) that the defendant made it with the intent that the plaintiff would act on it, (5) that the plaintiff acted in

---

[2] Karpinsky's April 29, 2003 Exhibit 2, Letter from DirecTV End User Development Group.

reliance on it, and (6) that the plaintiff suffered injury. <u>Baker v. Arbor Drugs,</u>
<u>Inc.</u>, 215 Mich.App. 198, 208, 544 N.W.2d 727 (1996). An action for
fraudulent misrepresentation must be predicated on a statement relating to
a past or an existing fact. <u>Id.</u> at 208-209, 544 N.W.2d 727. Future promises
are contractual and cannot constitute actionable fraud. <u>Id.</u>

<u>Eerdmans v. Maki</u>, 226 Mich. App. 360, 366, 573 N.W.2d 329 (1998). A plaintiff will be

found to have relied upon a misrepresentation if the misrepresentation exerted a material

influence upon the plaintiff's mind, even if only one of several motives, and produced the

challenged result. <u>United States Fidelity and Guaranty Co. v. Black</u>, 412 Mich. 99, 121,

313 N.W.2d 77 (1981).

     Karpinsky could not have reasonably relied upon DirecTV's allegations that he,

Karpinsky, pirated DirecTV satellite transmissions; only Karpinsky knew in fact whether he

used the two "Smartcard Recovery System" cards to unlawfully access DirecTV

programming. DirecTV's representations of federal law, even if inaccurate, are not

misrepresentations of past or existing fact. <u>Eerdmans</u>, 226 Mich. App. at 366. Further,

even if the alleged misrepresentations constituted representations of past or existing fact

on which Karpinsky could reasonably rely, these alleged misrepresentations never

produced the alleged intended result - that Karpinsky pay DirecTV $3,500.00 - $4,500.00

to settle the matter. Instead, Karpinsky chose not to pay the money, and awaited a

possible federal lawsuit. Absent reliance, Karpinsky cannot prevail on his claims of fraud

and misrepresentation as a matter of law. <u>United States Fidelity</u>, 412 Mich. at 121.

DirecTV is entitled to summary judgment of Count VI alleging fraud and misrepresentation.

<u>Winningham</u>, 42 F.3d at 984.

<div align="center">v. Defamation Counterclaim</div>

     Karpinsky's allegation of defamation in Count VII is that DirecTV published remarks

to unnamed "third-parties" that Karpinsky committed a crime or violated a criminal or civil

statute.

<div align="center">14</div>

The elements of a cause of action for defamation are (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod).

Burden v. Elias Brothers Big Boy Restaurants, 240 Mich. App. 723, 726, 613 N.W.2d 378 (2000).

In his counterclaim, Karpinsky fails to allege the name of the "third-party" to whom DirecTV published that Karpinsky had committed a crime or violated a criminal or civil statute. Karpinsky has also failed to meet his burden of coming forward with specific evidence to support his defamation counterclaim. First Nat'l Bank, 391 U.S. at 270; Adams, 67 F.3d at 583. At best, Karpinsky's defamation claim as alleged in Count VII is conclusionary. DirecTV is entitled to summary judgment of Karpinsky's defamation claim as a matter of law. Winningham, 42 F.3d at 984.

### vi. RICO Counterclaim

Karpinsky's civil RICO allegations are based on DirecTV's alleged attempts to "collect an unlawful debt," commit extortion under 18 U.S.C. § 876, and to violate the FDCPA and FCPA. As explained in Section II, B, i and ii, DirecTV's accusations that Karpinsky was using a pirate access device to steal DirecTV's satellite transmissions does not implicate collection of a "debt", the FDCPA, or the FCPA. Further, a threat of litigation if a party fails to fulfill even a fraudulent obligation does not constitute extortion, and is insufficient to support a RICO claim as a matter of law. Vemco v. Camardella, 23 F.3d 129, 134 (6th Cir. 1994). DirecTV is entitled to summary judgment of Karpinsky's RICO counterclaim as alleged in Count IV as a matter of law. Winningham, 42 F.3d at 984.

### III. Karpinsky's Motion to Amend

Leave to amend a complaint is to be freely granted when justice so requires.

See Fed. R. Civ. P. 15(a). Generally, absent bad faith or dilatory motive on the part of the movant, leave to amend should be granted unless the amendment would not survive a motion to dismiss. Foman v. Davis, 371 U.S. 178, 182 (1962); Sinav v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir. 1991); Head v. Jellico Hous. Auht., 670 F.2d 1117, 1124 (6th Cir. 1989). Karpinsky asks the court to grant him leave to amend his counterclaims to "correct any possible deficiencies." Karpinsky's May 14, 2003 Motion to Amend, ¶ 19.

In opposing DirecTV's motion for summary judgement, Karpinsky was required to come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank, 391 U.S. at 270. In the absence of specific discovery, Karpinsky was also required to respond by Rule 56(f) affidavit. Karpinsky cannot circumvent these requirements simply by filing a motion for leave to amend his counterclaims "to correct possible deficiencies." Karpinsky's counterclaims are not being dismissed under Rule 12(b)(6), but under Rule 56. Simply amending Karpinsky's counterclaims will not survive DirecTV's instant motion for summary judgment. Karpinsky's motion for leave to amend his counterclaims will be denied.

## IV. Karpinsky's Motion for Rule 11 Sanctions

In the Sixth Circuit, the standard for determining whether Rule 11 sanctions should be imposed is whether the challenged conduct was objectively reasonable under the circumstances. Union Planters Bank v. L & J Development Co., Inc., 115 F.3d 378, 384 (6th Cir. 1997). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 11. "That summary judgment is rendered against a party does not necessarily mean, for purposes of this certification, that it had no evidentiary

16

support for its position."  Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 11.  Given the admission that Karpinsky purchased two "Smartcard Recovery System" devices that may be used to unlawfully intercept DirecTV's proprietary satellite television transmissions, the court finds that DirecTV acted objectively reasonable under these specific circumstances when filing this lawsuit; it was not objectively unreasonable for DirecTV to disbelieve Karpinsky's explanation that he did not use the two "Smartcard Recovery System" devices he purchased to steal satellite transmissions.  Karpinsky's motion for Rule 11 sanctions will be denied.

## IV. Conclusion

For the reasons set forth above, Eugene Karpinsky's motion for summary judgment is hereby GRANTED.  DirecTV's motion for summary judgment is also hereby GRANTED[3]. The parties claims and counterclaims are hereby DISMISSED with prejudice in their entirety.  Karpinsky's motion for leave to amend his counterclaims is hereby DENIED. Karpinsky's motion for Rule 11 sanctions is hereby DENIED.

SO ORDERED.

GEORGE CARAM STEEH

_____
GEORGE CARAM STEEH
United States District Judge

Dated:   1 7 JUN 2003
         Detroit, Michigan.

A TRUE COPY
CLERK, U.S. DISTRICT COURT
EASTERN/DISTRICT OF MICHIGAN

BY_____

_____
   [3]  The court need not address that part of DirecTV's motion for summary judgment based on the Noerr-Pennington doctrine.

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DIRECTV, Inc., a California corporation,          Case No.: 03-80341
                                                  CIV-MIDDLEBROOKS / JOHNSON
        Plaintiff,

v.

CRAIG BROW, et al.,

        Defendants.
_____/

DIRECTV, Inc., a California corporation,          Case No.: 03-80400
                                                  CIV-MIDDLEBROOKS / JOHNSON
        Plaintiff,

v.

DAVID ROYE, JEFFREY ROTHSTEIN,
LYLE ROMER, and MIKE PITTS, et al.,

        Defendants.
_____/

## ORDER ON DEFENDANT, LYLE ROMER'S MOTION TO DISMISS

        UPON MOTION of the Defendant, Lyle Romer's to Dismiss Plaintiff's Complaint, it is hereby:

        ORDERED that the Motion to Dismiss is GRANTED.  The Court reserves jurisdiction to rule on Defendant's request for fees and costs.

        DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida this _____ day of _____, 2003.

                                        _____
                                        Donald M. Middlebrooks
                                        UNITED STATES DISTRICT JUDGE

Copies furnished to:      Michael T. Sheridan
                          Jonathan A. Yellin

1